IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE, TRIALSITE, INC., CREATIVE DESTRUCTION MEDIA, LLC. ERIN ELIZABETH FINN, JIM HOFT, DR. BEN TAPPER, BEN SWANN, DR. JOSEPH MERCOLA, TY BOLLINGER, CHARLENE BOLLINGER & JEFF CROUERE,<br><br>PLAINTIFFS,<br><br>v.<br><br>WP COMPANY, LLC D/B/A THE WASHINGTON POST, THE BRITISH BROADCASTING CORP., THE ASSOCIATED PRESS & REUTERS NEWS & MEDIA, INC.,<br><br>DEFENDANTS. | Civil Action No. 3:23-cv-00720 |

**THE STATE OF LOUISIANA'S MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF IN SUPPORT OF THE PLAINTIFFS**

The State of Louisiana respectfully moves this Court for leave to file an amicus curiae brief supporting the Plaintiffs in this litigation. The Defendants oppose this motion.

Unlike federal appellate courts, district courts have "no rule governing the appearance of an amicus curiae." *Pegasus Equine Guardian Ass'n v. U.S. Army*, No. 2:17-CV-0980, 2019 WL 362598, at *1 (W.D. La. Jan. 28, 2019). Whether to grant a motion for leave to file an amicus brief lies "solely within the district court's discretion." *Id.*; *see In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012)

("Whether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace.").

In general, "courts should welcome amicus briefs for one simple reason: '[I]t is for the honour of a court of justice to avoid error in their judgments.'" *Lefebure v. D'Aquilla*, 15 F.4th 670, 675 (5th Cir. 2021) (quoting *The Protector v. Geering*, 145 Eng. Rep. 394 (K.B. 1686)). In other words, courts are "well advised to grant motions for leave to file amicus briefs" because "if a good brief is rejected," the Court will be "deprived of a resource that might have been of assistance." *Id.* at 676 (quoting *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002)). If, on the other hand, an amicus brief is unhelpful, the Court can "make that determination without much trouble and can then simply disregard the amicus brief." *Id.*

Federal courts are especially inclined to grant leave to file "when the *amicus* has a unique perspective, or information, that can assist the [district court] beyond what the parties are able to do." *United States v. Keleher*, 475 F. Supp.3d 80, 83 (D.P.R. 2020) (quoting *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000) (Posner, J.)). Courts are less inclined to grant leave when an amicus brief is "(1) untimely, (2) not helpful or useful, and (3) not providing any new information." *Pegasus Equine Guardian Ass'n*, 2019 WL 362598, at *2. Here, all of the factors militate in favor of granting leave.

To begin, the amicus brief is timely. Litigants in district courts are not bound by the deadlines found in Federal Rule of Appellate Procedure 29. *See* Fed. R. App. Proc. 29(a)(6) (requiring an amicus brief to be filed "no later than 7 days after the

principal brief of the party being supported is filed."). Instead, this Court considers whether it has "yet taken up" the relevant motion, and whether a party's "deadline for filing their reply brief has . . . passed." *Pegasus Equine Guardian Ass'n*, 2019 WL 362598, at *2. Here, the Court "has not yet taken up" the motions to dismiss, and "the defendants' deadline for filing their reply brief has not yet passed." *Id.*; *see* Doc. No. 17 (requiring reply briefs for motions to dismiss to be filed by August 29, 2023).

Moreover, the proposed amicus brief provides new and helpful information for the Court's review. It details how the conspiracy of the members of the Trusted News Initiative (TNI) harms Louisiana officials and their constituents. It lays out the history of the Sherman Antitrust Act of 1890, which was modeled on state laws meant to preserve liberty. And the brief explains why filing suit in *Missouri v. Biden* does not preclude Louisiana from bringing antitrust claims against TNI members in the future.

Only private parties are litigating this case, but the stakes are high for the State and its residents. There can be no harm or prejudice to the parties if Louisiana explains its own interests in seeing Plaintiffs' rights vindicated. Louisiana respectfully asks the Court to grant its motion for leave to file its amicus brief.

Dated: August 29, 2023.  Respectfully submitted,

| | |
|---|---|
| JEFF LANDRY<br>ATTORNEY GENERAL<br><br>LOUISIANA DEPARTMENT OF JUSTICE<br>1885 N. Third Street<br>Baton Rouge, Louisiana 70802<br>Tel: (225) 326-6705<br>murrille@ag.louisiana.gov<br>mcphees@ag.louisiana.gov<br>shortt@ag.louisiana.gov | ELIZABETH B. MURRILL (La #20685)<br>  Solicitor General<br><br>SHAE MCPHEE (La #38565)<br>  Deputy Solicitor General<br><br> /s/ *Tracy Short*<br>TRACY SHORT (La #23940)<br>  Assistant Attorney General |