**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

---

**Children's Health Defense, Trialsite, Inc., Creative Destruction Media, LLC, Erin Elizabeth Finn, Jim Hoft, Dr. Ben Tapper, Ben Swann, Dr. Joseph Mercola, Ty Bollinger, Charlene Bollinger, and Jeff Crouere**

*Plaintiffs*,

— against —

**WP Company, LLC (D/B/A The Washington Post), The British Broadcasting Corp., The Associated Press, and Reuters News & Media, Inc.,**

*Defendants.*

Civil Action No. 3:23-cv-00720

Judge Terry A. Doughty

Magistrate Judge Kayla D. McClusky

---

# Reply Memorandum of Law in Further Support of The British Broadcasting Corporation's Motion to Dismiss

---

**Reed Smith LLP**
Edward B. Schwartz
Michelle A. Mantine
Casey J. Olbrantz

**Hudson, Potts & Bernstein, LLP**
Jan P. Christiansen
G. Adam Cossey

*Counsel for The British Broadcasting Corporation*

TABLE OF CONTENTS

**Table of Authorities** ............................................................................... **iii**

**Introduction** ........................................................................................... 1

**Argument** ................................................................................................ 2

I.      There Is No Jurisdiction Under Louisiana's Long-Arm Statute ................. 2

II.     There Is No Jurisdiction Under The Clayton Act ...................................... 2

       A.      Plaintiffs Misrepresent Applicable Precedent and Ignore Clayton Act Caselaw Subsequent to the Fifth Circuit's Decision in *Access Telecom* ..........................................................2

       B.      The Ninth Circuit's Approach Rejects the Clayton Act's Plain Language .................................................................................5

       C.      Plaintiffs Failed to Prove Venue Under the Clayton Act ................7

       D.      Plaintiffs Failed to Establish Clayton Act Jurisdiction Even Under *Go-Video* ....................................................................10

III.    Jurisdiction Over BBC Does Not Comport With Due Process ................. 10

**Conclusion** ............................................................................................. **10**

TABLE OF AUTHORITIES

**CASES**

*Acad. of Allergy & Asthma in Primary Care v. La. Health Serv. & Indem. Co.*,
    2020 U.S. Dist. LEXIS 127000 (E.D. La. July 17, 2020) ........................................................ 3

*Access Telecom v. MCI Telecomms. Corp.*,
    197 F.3d 694 (5th Cir. 1999) .......................................................... 2, 3, 4

*Asahi Metal Indus. Co. v. Superior Court of Ca.*,
    480 U.S. 102 (1987) .......................................................... 10

*Ass'n of Am. Physicians & Surgeons, Inc. v. Am. Bd. of Med. Specialties*,
    2014 U.S. Dist. LEXIS 45077 (D.N.J. Apr. 2, 2014) .......................................................... 8

*Barras v. Ill. Farmers Ins.*,
    2021 U.S. Dist. LEXIS 159226 (W.D. La. Aug. 23, 2021) .................................................. 10

*Black v. Acme Markets*,
    564 F.2d 681 (5th Cir. 1977) .......................................................... 5

*Busch v. Buchman*,
    11 F.3d 1255 (5th Cir. 1994) .......................................................... 4

*Canales Martinez v. Dow Chemical Co.*,
    219 F. Supp. 2d 719 (E.D. La. 2002) .......................................................... 1

*Corr Wireless Communs., L.L.C. v. AT&T, Inc., LLC*,
    907 F. Supp. 2d 793 (N.D. Miss. 2012) .......................................................... 3, 5, 6, 7, 8

*Crompton Corp. v. Clariant Corp*,
    221 F. Supp. 2d 683 (M.D. La. 2002) .......................................................... 5

*Entek Corp. v. Sw. Pipe & Supply Co.*,
    683 F. Supp. 1092 (N.D. Tex. 1988) .......................................................... 4, 10

*Daniel v. American Bd. of Emergency Med.*,
    428 F.3d 408 (2d Cir. 2005) .......................................................... 6

*David B. Turner Builders LLC v. Weyerhaeser Co.*,
    2021 U.S. Dist. LEXIS 236638 (S.D. Miss. Dec. 10, 2021) .................................................. 5

*Douglass v. Nippon Yusen Kabushiki Kaisha*,
    46 F.4th 226 (5th Cir. 2022) .......................................................... 10

*Eastman Kodak Co. v. Southern Photo Material Co.*,
    273 U.S. 359 (1927) ................................................................................ 6, 9

*Eastman Kodak Co. v. Southern Photo Material Co.*,
    295 F. 98 (5th Cir. 1923) ......................................................................... 2-3

*Fontenot v. Mullins Mfg. Co.*,
    1996 U.S. App. LEXIS 43933 (5th Cir. May 1, 1996) ............................4

*Gaddis v. U.S.*,
    381 F.3d 444 (5th Cir. 2004) ................................................................... 5

*Golf City, Inc. v. Wilson Sporting Goods Co.*,
    555 F.2d 426 (5th Cir. 1977) ................................................................ 2, 7

*GTE New Media Servs. Inc. v. BellSouth Corp.*,
    199 F.3d 1343 (D.C. Cir. 2000) ............................................................. 6

*Icon Indus. Controls Corp. v. Cimetrix, Inc.*,
    921 F. Supp. 375 (W.D. La. 1996) ......................................................... 4

*In re Chinese-Manufactured Drywall Prods. Liab. Litig.*,
    2018 U.S. Dist. LEXIS 205523 (E.D. La. Dec. 5, 2018) ....................... 1

*Johnston v. Multidata Sys. Int'l Corp*,
    523 F.3d 602 (5th Cir. 2008) ................................................................. 10

*Luv N' Care, Ltd. v. Insta-Mix, Inc.*,
    438 F.3d 465 (5th Cir. 2006) ................................................................... 7

*Mgmt. Insights, Inc. v. CIC Enters., Inc.*,
    194 F. Supp. 2d 520 (N.D. Tex. 2001) ................................................ 3, 5

*Nat'l Ath. Trainers' Ass'n v. Am. Physical Therapy Ass'n*,
    2008 U.S. Dist. LEXIS 70131 (N.D. Tex. Sep. 9, 2008) ....................... 3

*Plaskolite, Inc. v. Zhejiang Taizhou Eagle Mach. Co.*,
    2008 U.S. Dist. LEXIS 99395 (S.D. Ohio Dec. 9, 2008).................... 5, 10

*San Antonio Tel. Co. v. Am. Tel. & Tel. Co.*,
    499 F.2d 349 (5th Cir. 1974) ................................................................ 7, 9

*United States ex. rel. Lam v. Tenet Healthcare Corp.*,
    481 F. Supp. 2d 673 (W.D. Tex. 2006) ................................................... 1

*United States v. Nat'l City Lines*,

    334 U.S. 573 (1948) ........................................................................................ 1, 6

*United States v. Pryor*,

    569 F. App'x 282 (5th Cir. 2014) ..................................................................... 10

*Wyatt v. Kaplan*,

    686 F.2d 276 (5th Cir. 1982) ........................................................................ 7, 10

*Yearby v. York Casket Co.*,

    2006 U.S. Dist. LEXIS 46924 (S.D. Tex. July 11, 2006) ................................. 6, 8

## OTHER AUTHORITIES

15 U.S.C. 22 ........................................................................................... *passim*

28 U.S.C. 1391 ......................................................................................... 1, 10

8 Antitrust Laws and Trade Regulation, 2nd Edition § 163.03 .................................. 9

Areeda & Hovenkamp, *Antitrust Law* ¶ 271d (2023) .................................. 6

Herbert Hovenkamp, *Personal Jurisdiction and Venue in Private Antitrust Actions in the Federal Courts*, 67 Iowa L. Rev. 485 (1982) ........................................ 6

# INTRODUCTION[1]

Plaintiffs' opposition is an exercise in obfuscation and misdirection. It incessantly misstates the law and the import of Plaintiffs' cited cases, spills pages of ink attacking straw men, and flatly ignores the key cases BBC cited. Plaintiffs employ these tactics and make a desperate alternative request for discovery because, any way you cut it, they failed their burden.

Plaintiffs concede the state long-arm statute does not provide personal jurisdiction, so they must prove it under Section 12 of the Clayton Act. BBC showed that such jurisdiction may attach *only if* Plaintiffs prove venue under Section 12. The Fifth Circuit last addressed Section 12 in 1999, and ever since, courts in this Circuit have required proof that the defendant transacts substantial business in the district to obtain Clayton Act jurisdiction. Here, Plaintiffs merely show that independent third parties distribute news media that was originally generated by BBC. Plaintiffs fail to show that BBC engages in "substantial business transactions" in this District.

Plaintiffs ignore this law and claim that older and inapposite cases require the Court to adopt the Ninth Circuit's expansive approach, under which Clayton Act jurisdiction may exist if venue is proper under any statute. Plaintiffs are wrong, but *even if* this Court applied the Ninth Circuit's test, Plaintiffs still lose because they failed to establish venue under 28 U.S.C. 1391.

Congress did not enact Section 12 "to give plaintiffs free rein to haul defendants hither and yon at their caprice," but required that a defendant be sued where it is "incorporated, had its headquarters, or carried on its business." *United States v. Nat'l City Lines*, 334 U.S. 573 (1948). Without proper venue, there can be no Clayton Act jurisdiction, and BBC must be dismissed.

---

[1] This reply uses the same defined terms as BBC's opening brief (ECF 39-1) ("Mem."). It is accompanied by the Declarations of Chris Loweth ("Loweth Decl.") and Casey J. Olbrantz ("Olbrantz Decl."), which respond to Plaintiffs' opposition (ECF 53) ("Opp."), which raised certain information and arguments for the first time. *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2018 U.S. Dist. LEXIS 205523, at *16 (E.D. La. Dec. 5, 2018) (reply declarations appropriate); *see also Canales Martinez v. Dow Chemical Co.*, 219 F. Supp. 2d 719, 735 n.24 (E.D. La. 2002) (judicial notice of government publications and foreign law appropriate); *United States ex. rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673, 8 (W.D. Tex. 2006) (judicial notice of news articles).

ARGUMENT

## I.       THERE IS NO JURISDICTION UNDER LOUISIANA'S LONG-ARM STATUTE

The opposition abandons the Complaint's allegation that the state long-arm statute provides jurisdiction over BBC. Thus, Plaintiffs must establish Clayton Act jurisdiction.

## II.      THERE IS NO JURISDICTION UNDER THE CLAYTON ACT

BBC established that Clayton Act jurisdiction may exist only where venue is proper, and it is not here. Mem. at 12-16. The opposition is transfixed on whether the Clayton Act considers national rather than Louisiana contacts, but that distinction is irrelevant: national contacts do not matter if proper venue is not established. Plaintiffs' failure to prove venue is dispositive.

### A.       Plaintiffs Misrepresent Applicable Precedent and Ignore Clayton Act Caselaw Subsequent to the Fifth Circuit's Decision in *Access Telecom*

In 1999, the Fifth Circuit found that the Clayton Act provides jurisdiction for "antitrust suit[s] in any district in which a defendant transacts business"—a reference to Section 12 venue. *Access Telecom v. MCI Telecomms. Corp.*, 197 F.3d 694 (5th Cir. 1999). Ever since, courts in this Circuit have repeatedly required that Section 12's venue standard be satisfied to obtain Clayton Act jurisdiction. *See* Mem. at 12-14. Plaintiffs, trying to avoid their burden to prove that BBC "transacts substantial business" in this District, have no good answer.

Plaintiffs try to spin *Access Telecom* as *sub silentio* adopting the Ninth Circuit's approach, but they are wrong. Opp. at 9 n.7. The case's plain wording indicates there is Clayton Act jurisdiction *only* in a "district in which a defendant transacts business." 197 F.3d at 718. Two prior Fifth Circuit cases are to the same effect. *Golf City, Inc. v. Wilson Sporting Goods Co.*, 555 F.2d 426, 436-37 (5th Cir. 1977) (Section 12 applies "in any judicial district where the corporation … transacts business"); *Eastman Kodak Co. v. Southern Photo Material Co.*, 295 F. 98, 101 (5th Cir. 1923) ("Section 12 … provides that process, in suits under the anti-trust laws

- 2 -

brought in any district wherein the defendant transacts business, may be served [where] such defendant is an inhabitant.").

If *Access Telecom*'s unambiguous language were not enough, there is nothing in the court's analysis that suggests it silently adopted the Ninth Circuit's approach on venue. Rather, the court either (i) did not reach the question of venue because it was already clear there were insufficient minimum national contacts, or (ii) impliedly *did* find proper Section 12 venue before considering minimum national contacts. Indeed, the Section 12 "transacts business" test was the only kind of venue that the court mentioned. Under Plaintiffs' own interpretation of that test, the court's finding that the defendant "conducted a high volume of business with Texas and Texas corporations" would satisfy it. 197 F.3d at 719; *accord* Opp. at 12 (arguing that the test may be satisfied based on "where customers are located").

Although Plaintiffs interpret *Access Telecom* as endorsing the Ninth Circuit's approach, the courts of this Circuit clearly do not. Mem at 12-13.[2] In 2020, a Louisiana court cited *Access Telecom* for the proposition that proper Section 12 venue is mandatory to obtain Clayton Act jurisdiction, and applied the "transacts substantial business" test. *Acad. of Allergy*, 2020 U.S. Dist. LEXIS 127000, at *9. In 2012, a Mississippi court surveyed the law of the Fifth Circuit (including *Access Telecom*) and found that Section 12 venue is mandatory, commenting that the court was "confident" in that result "[o]n the basis of the Fifth Circuit's pronouncements." *Corr*, 907 F. Supp. 2d at 799. Two district courts in Texas reached the same conclusion. *Mgmt. Insights*, 194 F. Supp. 2d 520; *Nat'l Ath. Trainers*, 2008 U.S. Dist. LEXIS 70131.

---

[2] Citing *Mgmt. Insights, Inc. v. CIC Enters., Inc.*, 194 F. Supp. 2d 520 (N.D. Tex. 2001), *Nat'l Ath. Trainers' Ass'n v. Am. Physical Therapy Ass'n*, 2008 U.S. Dist. LEXIS 70131 (N.D. Tex. Sep. 9, 2008), *Corr Wireless Communs., L.L.C. v. AT&T, Inc., LLC*, 907 F. Supp. 2d 793 (N.D. Miss. 2012), and *Acad. of Allergy & Asthma in Primary Care v. La. Health Serv. & Indem. Co*., 2020 U.S. Dist. LEXIS 127000 (E.D. La. July 17, 2020).

- 3 -

Tellingly, Plaintiffs do not even try to distinguish these four in-Circuit cases that followed *Access Telecom*. Each of them directly contradict Plaintiffs' position, but the opposition refuses to even acknowledge them by name. Plaintiffs merely complain in a footnote that the four cases do not *mention* two inapposite cases that predated *Access Telecom*. Opp. at 9 n.7. Unwilling or unable to offer any explanation for their belief that the law of this Circuit has been wrong for over twenty years, Plaintiffs resort to misdirection and contend that a stack of comparatively ancient and inapposite cases should rule the day. None of them persuade.

*Fontenot v. Mullins Mfg. Co*., relied on heavily by plaintiffs, is not only "not precedent," it isn't even persuasive. 1996 U.S. App. LEXIS 43933 (5th Cir. May 1, 1996). In its one paragraph of analysis, that non-precedential opinion never mentions the word "venue." Given the scant discussion and apparent unavailability of the facts the district court considered, it is unclear whether: (i) the defendant even argued it did not transact business in Louisiana, or (ii) the record would have supported that argument. Unsurprisingly, the case has never been cited for the idea that Clayton Act jurisdiction may exist without proper Section 12 venue.

*Icon Indus. Controls Corp. v. Cimetrix, Inc.* is also of trifling value. 921 F. Supp. 375 (W.D. La. 1996). No court in this Circuit has ever cited it when analyzing Clayton Act venue, presumably because: (i) it predated *Access Telecom* and did not even consider *Golf City* or *Eastman*, and (ii) it merely agreed that "both sides" had "reasonable arguments," and sided with *Go-Video* because it was "the only court of appeals decision" the parties cited. *Id.* at 382.

Plaintiffs' other cases are no more helpful. Far from being "directly on point," Opp. at 8, *Entek Corp. v. Sw. Pipe & Supply Co*. never analyzed venue. 683 F. Supp. 1092 (N.D. Tex. 1988). *Busch v. Buchman* also did not analyze venue, nor was it a Clayton Act case. 11 F.3d 1255 (5th Cir. 1994). *Crompton Corp. v. Clariant Corp* did not adjudicate venue and has never

been cited in a Clayton Act case; it merely rejected an argument that state, rather than national, contacts were relevant. 221 F. Supp. 2d 683 (M.D. La. 2002). *Plaskolite, Inc. v. Zhejiang Taizhou Eagle Mach. Co*. is inapposite because BBC is multiply incorporated in D.C. *See* 2008 U.S. Dist. LEXIS 99395 (S.D. Ohio Dec. 9, 2008). Finally, *Black v. Acme Markets* and *David B. Turner Builders LLC v. Weyerhaeser Co*. are merely cited for the rule that the Clayton Act considers national contacts. 564 F.2d 681 (5th Cir. 1977); 2021 U.S. Dist. LEXIS 236638 (S.D. Miss. Dec. 10, 2021). Plaintiffs' cases don't hold a candle to BBC's several recent district court cases and precedential Fifth Circuit cases that all indicate that Section 12 venue is required.

> ### B.      The Ninth Circuit's Approach Rejects the Clayton Act's Plain Language

Plaintiffs conspicuously fail to explain *why* the Court ought to adopt the Ninth Circuit's *Go-Video* approach. Opp. at 5-11. In any event, the Ninth Circuit's expansive construction of Section 12 is unpersuasive for the simple reason that it ignores the statute's plain language.

Section 12 provides that any antitrust suit against a corporation: "[1] may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and [2] all process ***in such cases*** may be served in the district of which *it* is an inhabitant, or wherever *it* may be found." 15 U.S.C. 22 (emphasis added).

The first clause is about venue, which exists where a corporation "transacts business." The second clause is about jurisdiction. It says that the corporation from the first clause ("it") may be served "wherever it may be found." The second clause does not allow service in *all* cases—*only "in such cases."* The second clause's effect hinges on the first clause. This language establishes that Section 12 venue is mandatory for Clayton Act jurisdiction. *Gaddis v. U.S.*, 381 F.3d 444, 472 (5th Cir. 2004) (courts interpret "statutes according to their plain meanings").

Copious persuasive precedent has found that this "plain reading of the statute is not ambiguous." *Corr*, 907 F. Supp. 2d at 800; *Mgmt. Insights*, 194 F. Supp. 2d at 531 (this approach

is "more reasonable in light of the plain meaning of the statute"); *Yearby v. York Casket Co*., 2006 U.S. Dist. LEXIS 46924, at *3 (S.D. Tex. July 11, 2006) (Section 12 "self-evidently does not grant any federal court jurisdiction over corporate Defendants"); *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000) (parties "must follow the dictates of both [of Section 12's] clauses. To read the statute otherwise would be to ignore its plain meaning"); *Daniel v. American Bd. of Emergency Med*., 428 F.3d 408, 423 (2d Cir. 2005) ("[T]he plain language" permits jurisdiction "only" when the "venue provision is satisfied").

Supreme Court precedent supports this commonsense approach. *Eastman Kodak Co. v. Southern Photo Material Co*., 273 U.S. 359 (1927) (Section 12 jurisdiction may exist where a corporation "'transacts business' … *in which case* the process may be issued") (emphasis added); *Nat'l City Lines*, 334 U.S. at 588 ("[i]n adopting § 12 Congress was not willing to give plaintiffs free rein to haul defendants hither and yon at their caprice").

Professor Hovenkamp, a leading antitrust scholar whom the Supreme Court has cited dozens of times, likewise believes that the "better approach is to interpret section 12 the way it is written" and permit jurisdiction only where a defendant resides or transacts substantial business. Herbert Hovenkamp, *Personal Jurisdiction and Venue in Private Antitrust Actions in the Federal Courts*, 67 Iowa L. Rev. 485, 509 (1982); *see also* Areeda & Hovenkamp, *Antitrust Law* ¶ 271d (2023) ("worldwide service" attaches "where venue is established 'in such cases' – namely, based on where the defendant … transacts business").

On the other hand, *Go-Video* hinges on a "tortured interpretation of Section 12" that "jettison[s]" the first clause on venue in a way that "require[s]" "literal convolutions." *Corr*, 907 F. Supp. 2d at 798. This Court should follow the statute's plain meaning, and give effect to all of its language, for the same reasons as *Management Insights*. 194 F. Supp. 2d at 531-32. That

decision examined both approaches and found that *Go-Video* "leads to nonsensical results" that "eviscerate[] any semblance of a venue inquiry," which "Congress could not have intended."

C.   **Plaintiffs Failed to Prove Venue Under the Clayton Act**

Not content to rest on a "tortured interpretation of Section 12," plaintiffs hedge their bets and attempt to satisfy their burden to prove that BBC "transacts business" in this District. *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982) (plaintiff bears burden); *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (same). They fail by a wide margin.

*First*, Plaintiffs utterly fail to show that the activities of BBC's independent subsidiary, BBC Studios, may be imputed to BBC. Opp. at 14-17. BBC cited binding Fifth Circuit law that "activities of a defendant's subsidiaries cannot confer venue for Section 12 purposes unless there is evidence of '***a total disregard for the separate corporate entities***.'" Mem. at 15 (quoting *San Antonio Tel. Co. v. Am. Tel. & Tel. Co.*, 499 F.2d 349, 350 (5th Cir. 1974) (emphasis added)).

Plaintiffs do not attempt to make this showing, and simply ignore this binding law. Opp. at 15. They rely on cases from other circuits that suggest lighter standards, but the Fifth Circuit's requirements are clear. *San Antonio Tel.*, 499 F.2d at 352 (need proof of "total disregard" of corporate separateness; finding it insufficient that parent "may dictate general policies of the operating companies" that are responsible for "daily business affairs"); *Golf City*, 555 F.2d at 437 (5th Cir. 1977) (same standard; finding activities of a "separate legal entity" "cannot be attributed" because of overlap in branding or board influence); *Corr*, 907 F. Supp. 2d at 800 (refusing to consider subsidiaries' activities). Here, it is undisputed that BBC and BBC Studios have separate corporate existences, boards, executives, and employees, and BBC Studios controls its own day-to-day operations. Munro Decl. ¶ 8. U.K. law also requires that they be "independent" and "arm's length." Loweth Decl. § V. Plaintiffs have offered no evidence of a "total disregard" for corporate separateness, so BBC Studios' activities are legally irrelevant.

*Second*, the undisputed and indisputable facts make clear that BBC does *not* "transact substantial business" in this District through bbc.com. (Opp. at 17-19.) No commercial "transactions" occur on bbc.com. Munro Decl. ¶¶ 7-9; Loweth Decl. §§ I-II. BBC does not "commercialize" bbc.com nor sell advertising. *Id.* BBC posts *some* free news media to bbc.com, and BBC Studios controls all other aspects of the website. *Id.* The website does not sell any products, subscriptions, or other services, to anyone, anywhere. *Id.* Posting a free news story for the whole world to see does not constitute a "business transaction," let alone constitute the transaction of "substantial business" in this District. Plaintiffs cite no authority for that idea.

Plaintiffs attempt to distract by citing several inapposite minimum contacts cases that discuss the distinct concept of website "interactivity." But they cite no law stating that simple website interactivity constitutes "business transactions" under Section 12. The few cases that have considered such issues are of no help. *Yearby*, 2006 U.S. Dist. LEXIS 46924, at *3 (an "Internet site that is accessible from Texas" does not satisfy Section 12); *Ass'n of Am. Physicians & Surgeons, Inc. v. Am. Bd. of Med. Specialties*, 2014 U.S. Dist. LEXIS 45077, at *18 (D.N.J. Apr. 2, 2014) (interactive website did "not constitute the transaction of business" under Section 12). And even if mere interactivity were relevant to Clayton Act venue, the kinds of "interactivity" that Plaintiffs allege are trifling and not "business transactions," and they exclusively concern BBC's *separate* U.K. website, bbc.co.uk, anyway. Olbrantz Decl. § I.

*Third*, BBC does not transact substantial business here merely because media generated by BBC or using BBC branding is disseminated *by independent third parties*. Opp. at 19-21.

- BBC has no relationship with Red River Radio, and does not transact business of any kind with it or its listeners. Loweth Decl. § III. Red River Radio is a public radio station that apparently broadcasts some quantity of BBC-affiliated media that it obtains from an independent third party based in Minnesota. *Id.*

- BBC has no involvement with the distribution of two television channels, BBC News and BBC America, through Comcast, Direct TV, or AT&T in the U.S. *Id.* § IV. The right to distribute the BBC News channel is owned by BBC Studios, which licenses that right to AMC Networks. *Id.* The BBC America channel is a joint venture between AMC and BBC Studios, and AMC holds those distribution rights. *Id.* AMC contracts with Comcast, Direct TV, or AT&T, and permits them to broadcast those channels to their own customers in the U.S. *Id.* The BBC does not transact business with those entities or their customers. *Id.*

- BBC provides YouTube with media that YouTube hosts and broadcasts to its own customers globally. *Id.* § IV. BBC does not engage in business transactions with YouTube's customers, whether in Louisiana or anywhere else. *Id.*

The distribution by independent third parties of media that was merely generated by BBC or that uses BBC branding cannot satisfy the Section 12 standard. Mem. at 15-16 (collecting Fifth Circuit "substantial business activity" cases, which the opposition ignored).[3]

The antitrust treatise Plaintiffs repeatedly cited makes clear that "the dissemination of correspondence, informational materials, public service educational programs by mail, radio, television, and newspaper (free of cost) does not constitute transacting business within the meaning of Section 12." 8 Antitrust Laws and Trade Regulation, 2nd Edition § 163.03*; accord San Antonio Tel.*, 499 F.2d at 351 n.5 (disseminating advertising on a nationwide scale insufficient). The same section of that treatise identifies the kinds of facts that satisfy the Section 12 "transacting substantial business" standard,[4] and Plaintiffs have established none of them. Any way you cut it, Plaintiffs have failed their burden under Section 12.

---

[3]  Likewise, Plaintiffs cite no caselaw for the idea that a small crew of journalists entering Louisiana to conduct newsgathering activities for one story constitutes "substantial business transactions," much less a "continuous course of business" as required. *Eastman*, 273 U.S. at 370. Their argument to that effect is also flatly contradicted by Plaintiffs' separate argument opposing transfer that Reuters "plainly" does not satisfy the "transacting business" test in D.C. through having "U.S.-based editorial staff" located and reporting there. *See* ECF 52 at 17.

[4]  These include where the company "makes it sales" and the "dollar value of sales revenue generated," location of "branch offices, warehouses or depots," whether subsidiaries fail the "traditional 'piercing the corporate veil'

**D.    Plaintiffs Failed to Establish Clayton Act Jurisdiction Even Under *Go-Video***

Even under *Go-Video*, Plaintiffs' cases show they bear the burden to prove venue in *some* way. *Plaskolite*, 2008 U.S. Dist. LEXIS 99395, at *6. Plaintiffs abdicate that burden and cursorily raise a few theories in a footnote. Opp. at 5 n.4. They each fail: (i) 28 U.S.C. 1391(c)(3) does not apply because BBC is also "resident" in D.C., (ii) the argument that "[v]enue lies here under 28 U.S.C. § 1391(b) as well" is conclusory and thus "abandoned," *United States v. Pryor*, 569 F. App'x 282, 283 (5th Cir. 2014), and (iii) as discussed above, Plaintiffs concede there is no jurisdiction under the long-arm statute.[5] Because Plaintiffs fail to prove venue, there is no jurisdiction even under *Go-Video*. *Plaskolite*, 2008 U.S. Dist. LEXIS 99395, at *12.

**III.    JURISDICTION OVER BBC DOES NOT COMPORT WITH DUE PROCESS**

BBC established that jurisdiction here is inconsistent with substantial justice. Mem. 16-20. Plaintiffs respond with more obfuscation by ignoring the Supreme Court's factors, falsely suggesting the Fifth Amendment has a different standard, and misleadingly citing minimum contacts cases.[6] Opp. at 21-24. Plaintiffs' cases concede that Clayton Act jurisdiction must comport with *Asahi* and substantial justice. *Entek*, 683 F. Supp. at 1103. BBC carried its burden on the *Asahi* factors because Plaintiffs did not rebut BBC's showing. *Barras v. Ill. Farmers Ins.*, 2021 U.S. Dist. LEXIS 159226, at *5 (W.D. La. Aug. 23, 2021) (failure to oppose is waiver).

CONCLUSION

BBC thus respectfully requests that it be dismissed from the case with prejudice.

---

test," licenses to do business, bank accounts, property, telephone numbers, advertisements, solicitation of business, shipping of goods "directly into the forum," agents or employees in, and "purchases" made in the forum.

[5]   Plaintiffs' caselaw-free footnote waiver argument on venue is absurd. Opp. at 5 n.4. BBC expressly challenged venue, Mem at 1-2 & 14, and Plaintiffs' cases recognize that *they* have the burden to prove venue under Section 12 in response to a motion to dismiss. *Plaskolite*, 2008 U.S. Dist. LEXIS 99395, at *6; *Wyatt*, 686 F.2d at 280.

[6]   *Asahi Metal Indus. Co. v. Superior Court of Ca.*, 480 U.S. 102 (1987) and *Johnston v. Multidata Sys. Int'l Corp*, 523 F.3d 602 (5th Cir. 2008) (establishing factors to evaluate fair play and substantial justice); *Douglass v. Nippon Yusen Kabushiki Kaisha*, 46 F.4th 226, 237 (5th Cir. 2022) (Fifth Amendment standards are the same).

Respectfully Submitted:

Dated:      August 29, 2023
              Monroe, Louisiana

**REED SMITH LLP**

Edward B. Schwartz
(*pro hac vice No. 914616*)
1301 K Street, N.W.
Suite 1000, East Tower
Washington, D.C., 20005
eschwartz@reedsmith.com

Michelle A. Mantine
(*pro hac vice No. 917715*)
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA, 15222
mmantine@reedsmith.com

Casey J. Olbrantz
(*pro hac vice No. 917713*)
599 Lexington Avenue
New York, NY 10022
colbrantz@reedsmith.com

**HUDSON, POTTS & BERNSTEIN, L.L.P.**

*/s/ Jan. P. Christiansen*
Jan P. Christiansen
(*Bar Roll No. 20142*)
G. Adam Cossey
(*Bar Roll No. 31678*)
P.O. Drawer 3008
Monroe, LA 71210-3008
318-388-4400

*Counsel for The British Broadcasting Corporation*