IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE, TRIALSITE, INC., CREATIVE DESTRUCTION MEDIA, LLC, ERIN ELIZABETH FINN, JIM HOFT, DR. BEN TAPPER, BEN SWANN, DR. JOSEPH MERCOLA, TY BOLLINGER, CHARLENE BOLLINGER, & JEFF CROUERE, <br><br> *Plaintiffs,* <br> v. <br><br> WP COMPANY LLC D/B/A THE WASHINGTON POST, THE BRITISH BROADCASTING CORP., THE ASSOCIATED PRESS, & REUTERS NEWS & MEDIA INC., <br><br> *Defendants.* | Civil Action No. 3:23-cv-00720 <br><br> Judge Terry A. Doughty <br><br> Magistrate Judge Kayla D. McClusky |

**REPLY IN SUPPORT OF THE ASSOCIATED PRESS, REUTERS NEWS & MEDIA INC., AND WP COMPANY LLC'S MOTION TO TRANSFER**

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................. 1

ARGUMENT ........................................................................................................................... 2

I. PLAINTIFFS COULD HAVE BROUGHT THIS ACTION IN THE DISTRICT OF COLUMBIA OR THE SOUTHERN DISTRICT OF NEW YORK. ................................................................................................................ 2

    A. The Complaint Expressly Alleges that Each of the Defendants is "Transacting Substantial Business" in the Transferee Districts. ..................... 2

    B. The Case Could Have Been Brought in the District of Columbia. .................. 3

    C. The Case Could Have Been Brought in the Southern District of New York. ........................................................................................................... 4

II. PLAINTIFFS' CHOICE OF FORUM IS NOT ENTITLED TO DEFERENCE. ...................................................................................................... 5

III. THE PRIVATE AND PUBLIC FACTORS SUPPORT TRANSFER. ....................... 6

    A. The Private Factors Support Transfer. .............................................................. 6

        1. Access to Sources of Proof Support Transfer. ....................................... 6

        2. Availability of Compulsory Process Supports Transfer. ....................... 7

        3. Witness Convenience and Access Strongly Favors Transfer. ................ 7

        4. Other Practical Considerations Favor Transfer. ..................................... 8

    B. The Public Factors Support Transfer. ............................................................... 9

        1. Court Congestion Supports Transfer. ..................................................... 9

        2. Local Interest Supports Transfer. ........................................................... 9

        3. Familiarity with the Law and Conflict of Laws are Neutral. ................ 10

CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

*Am. Contractors Indem. Co. v. ECI Constr., Inc.*,
　2008 WL 11350197 (N.D. Tex. July 23, 2008)...................................................................8

*Am. Freedom Def. Initiative v. Lynch*, 217 F. Supp. 3d 100 (D.D.C. 2016) ................................10

*Brock v. Zuckerberg*, 2021 WL 2650070 (S.D.N.Y. June 25, 2021)..............................................10

*Cigna Corp. v. Celgene Corp.*, 2021 WL 2072210 (E.D. Pa. May 24, 2021)...................................3

*Child.'s Health Def. v. WP Co.*, 2023 WL 3940446 (N.D. Tex. May 12, 2023).............................6

*Cont'l Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392 (S.D. Tex. 1992) .............................6

*Daisley v. Blizzard Music Ltd. (US)*, 2017 WL 706605 (D. Nev. Feb. 22, 2017) ...........................8

*Extreme Technologies v. Stabil Drill Specialties, L.L.C.*,
　2019 WL 2353168 (W.D. La. May 30, 2019) ....................................................................2

*GeoTag, Inc. v. Starbucks Corp.*, 2013 WL 890484 (E.D. Tex. Jan.14, 2013).............................6

*Grissom v. Ill. Cent. R.R. Co.*, 2014 WL 12788729 (E.D. Tenn. Feb. 3, 2014) ............................4

*Hard Metal Advantage LLC v. Kennametal Inc.*,
　2022 WL 1088887 (W.D. La. Mar. 22, 2022) .........................................................7, 8, 10

*Hoffman v. Blaski*, 363 U.S. 335 (1960)................................................................................1, 4, 5

*Icon Indus. Controls Corp. v. Cimetrix, Inc.*, 921 F. Supp. 375 (W.D. La. 1996) .........................6

*In re Cragar Indus., Inc.*, 706 F.2d 503 (5th Cir. 1983) ................................................................5

*In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004) .....................................................................8

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008).........................................................9

*JM Comput. Servs., Inc. v. Schlumberger Techs., Inc.*, 886 F. Supp. 358 (S.D.N.Y. 1995) ...........6

*KFC Corp. v. Iron Horse of Metairie Rd., LLC*,
　2018 WL 3632356 (E.D. La. July 31, 2018) ......................................................................3

*King v. Johnson Wax Assocs., Inc.*, 565 F. Supp. 711 (D. Md. 1983).............................................6

*LaCombe v. Walt Disney Parks & Resorts U.S., Inc.*,
　2019 WL 13248968 (E.D. La. May 1, 2019).......................................................................9

*Levin v. Joint Comm'n on Accreditation of Hosps.*, 354 F.2d 515 (D.C. Cir. 1966).......................4

*Nexen Petroleum U.S.A., Inc. v. Ensco Offshore Co.*,
  2015 WL 6511879 (W.D. La. Oct. 27, 2015) .................................................................4, 6, 10

*Parkman v. W&T Offshore, Inc.*, 547 F. Supp. 3d 536 (M.D. La. 2021) ........................................9

*Phil-Insul Corp. v. Reward Wall Sys., Inc.*, 2012 WL 12836668 (E.D. Tex. Feb. 10, 2012) ..........8

*Rochester Med. Corp. v. C.R. Bard, Inc.*, 2005 WL 8161204 (E.D. Tex. Feb. 28, 2005) ...........6, 9

*St. Paul Surplus Lines Ins. Co. v. Ace Am. Ins. Co.*,
  2010 WL 4875683 (W.D. La. Oct. 12, 2010) ..........................................................................7

*Star Lines, Ltd. v. Puerto Rico Mar. Shipping Auth.*, 442 F. Supp. 1201 (S.D.N.Y. 1978) ............6

*Utah v. Walsh*, 2023 WL 2663256 (N.D. Tex. March 28, 2023) .....................................................9

*Vargas v. Seamar Divers Int'l, LLC*, 2011 WL 1980001 (E.D. Tex. May 20, 2011) .....................4

*Vaughn Med. Equip. Repair Serv., L.L.C. v. Jordan Reses Supply Co.*,
  2010 WL 3488244 (E.D. La. Aug. 26, 2010) .......................................................................3, 4

## **INTRODUCTION**

The Opposition fails to rebut that both parts of the two-step Section 1404(a) analysis support transfer to the District of Columbia or Southern District of New York.

The first step is satisfied because the lawsuit could have been filed in either venue. Plaintiffs contend the districts may lack Clayton Act jurisdiction over some of the Defendants, suggesting it is "ambiguous" whether The AP and Reuters "transact substantial business" in D.C., or whether the BBC and Post "transact[] substantial business" in New York. But the Complaint concedes this point by alleging that each of the Defendants is "*transacting substantial business in every American state and district.*" Compl. ¶¶ 116 (Post), 117 (BBC), 118 (The AP), 119 (Reuters) (emphasis added). In addition to this concession, the issue was resolved in the Motion To Transfer and supporting declarations, which established that Defendants inhabit or transact substantial business in the transferee venues through operation of their news bureaus in both venues, and that the BBC had previously consented to jurisdiction in New York. *See* Mot. 8–10.

Plaintiffs' reliance on *Hoffman v. Blaski*, 363 U.S. 335 (1960), is misplaced, for three reasons. Opp. 7–8. First, the Complaint concedes Clayton Act jurisdiction in New York. Second, at most, the argument applies only to the transfer to New York, and not to D.C., and so fails as grounds for opposing this motion. Third, *Hoffman* holds that a defendant cannot consent to jurisdiction "*after* suit has been instituted" to "add to the forums where '[the suit] might have been brought.'" 363 U.S. at 343 (emphasis added). Here, not only had the BBC consented to jurisdiction in New York *before* Plaintiffs filed this lawsuit, the lawsuit was already pending in New York and Plaintiffs had to go so far as to dismiss it in order to sue later in this District.

The second step is satisfied because the Section 1404(a) factors strongly support transfer. Plaintiffs acknowledge that the "most important" factor is witness convenience. Opp. 2, 17. Plaintiffs have now confirmed that they cannot identify even a single witness residing in this

District. And, in response to the *fifteen* witnesses Defendants identified for whom transfer would be better, Plaintiffs have failed to identify even a single non-party witness for whom Monroe is more convenient. The "most important" factor plainly favors transfer.

Plaintiffs are left to suggest that this Court should keep the case because it has other "related" cases. Opp. 1, 24–25. But the cases are not related; the other cases are First Amendment challenges against the government for allegedly wielding coercive powers, while this case is an antitrust action brought against four news organizations. And Plaintiffs' own actions undermine their argument: They filed this lawsuit in Amarillo, TX, *two months after* a few of them had already attempted to intervene in the supposedly "related" case here, *Missouri v. Biden*.

Plaintiffs wanted to proceed before Judge Kacsmaryk until he transferred the case to New York, which they promptly fled. Just as in *Extreme Techs., LLC v. Stabil Drill Specialties, L.L.C.*, the Court should "refuse[] to respect choices that appear to be blatant attempts at judge-shopping," 2019 WL 2353168, at *3 (W.D. La. May 30, 2019), and grant the motion to transfer.

## **ARGUMENT**

**I.    PLAINTIFFS COULD HAVE BROUGHT THIS ACTION IN THE DISTRICT OF COLUMBIA OR THE SOUTHERN DISTRICT OF NEW YORK.**

**A.    The Complaint Expressly Alleges That Each of the Defendants Is "Transacting Substantial Business" in the Transferee Districts.**

Plaintiffs argue that transfer is improper because the Defendants supposedly failed to sufficiently establish they "transact substantial business" in the transferee districts such that Clayton Act jurisdiction exists there. *See, e.g.*, Opp. 10. But this argument is defeated by Plaintiffs' own Complaint, which expressly alleges that each of the Defendants is "transacting substantial business in every American state and district." *See* Compl. ¶¶ 116 (Post), 117 (BBC), 118 (The AP), 119 (Reuters); *see also* Mot. 4 (citing these paragraphs). And, as Plaintiffs themselves assert, their allegations must be "accepted as true" for purposes of this motion. Opp. 18

2

& n.1. Because Plaintiffs have alleged that Defendants transact substantial business in both D.C. and New York, they cannot now dispute that those districts have Clayton Act jurisdiction. *See* Mot. 4; *see also, e.g.*, *KFC Corp. v. Iron Horse of Metairie Rd., LLC*, 2018 WL 3632356, at \*2 n.33 (E.D. La. July 31, 2018) (rejecting inconsistent allegations on forum).

### B. The Case Could Have Been Brought in the District of Columbia.

Even setting aside Plaintiffs' admission, the motion fully established jurisdiction in D.C. The Opposition only attacks whether Reuters and The AP—not the BBC or the Post—transact sufficient business in D.C. to establish Clayton Act jurisdiction. Opp. 12–13 & n.11.

The Clayton Act's "transacts business" test is met "when a substantial business activity is performed within the jurisdiction with continuity of character."[1] *Vaughn Med. Equip. Repair Serv., L.L.C. v. Jordan Reses Supply Co.*, 2010 WL 3488244, at \*4 (E.D. La. Aug. 26, 2010).

This standard is easily satisfied, as Reuters and The AP have substantial and ongoing news operations in D.C. Mot. 9 (AP Decl. ¶ 5, Reuters Decl. ¶ 5). Plaintiffs offer no contrary evidence. Instead, Plaintiffs argue only that the scale of Reuters' news operation in D.C. is "ambiguous," with an even more bare bones reference to The AP buried in a footnote. Opp. 13 & n.11. These arguments defy common sense and the law. Plaintiffs rely exclusively on cases which are easily distinguishable because they all involved movants who lacked any physical presence (like office space) in the district. *See* Opp. 12–13 (citing cases). But here, both Reuters and The AP's declarations made clear they maintain active news bureaus in D.C. Mot. 9 (AP Decl. ¶ 5, Reuters Decl. ¶ 5).[2] The operation of news bureaus in the nation's capital is, obviously, a core part of the

---

[1] Plaintiffs' Opposition argues that there is a circuit split regarding whether the Clayton Act analysis may be conducted based on national contacts. Opp. 10. But Plaintiffs' point is irrelevant, as Defendants meet either test for both proposed transferee districts.

[2] Even if the bureaus hadn't been disclosed in the declarations, the Court could take judicial notice of them. *See, e.g.*, *Cigna Corp. v. Celgene Corp.*, 2021 WL 2072210, at \*5 (E.D. Pa. May 24,

business of major news organizations, and that satisfies the test. *See, e.g.*, *Vaughn*, 2010 WL 3488244, at *4; *Levin v. Joint Comm'n on Accreditation of Hosps.*, 354 F.2d 515, 517–18 (D.C. Cir. 1965) (company transacts business where it conducts inspections, even without an office).

Even if Plaintiffs were correct that Reuters' or The AP's declarations regarding their D.C. news operations were "ambiguous," out of an abundance of caution, Reuters and The AP include supplemental declarations that clarify and resolve this issue.[3] These declarations establish beyond any doubt that the D.C. bureaus are substantial operations—housing numerous employees in dedicated office space, who perform newsgathering and editorial activities at the core of the news businesses—and that The AP and Reuters transact substantial business in D.C. *See id.*; *Vaughn*, 2010 WL 3488244, at *4; *Levin*, 354 F.2d at 517. D.C. thus had jurisdiction over the Defendants, and the case could have been brought there. Mot. 8–10.

### C. The Case Could Have Been Brought in the Southern District of New York.

Plaintiffs' only substantive argument about a transfer to New York is to challenge whether the BBC can consent to jurisdiction in New York. Opp. 7–11. Plaintiffs argue that *Hoffman v. Blaski* precludes transfer upon consent, but that case is inapposite. 363 U.S. 335 (1960). *Hoffman* concerns whether a plaintiff should have to guess about what district might have jurisdiction over the defendants in a dispute, holding that a district court's discretion to transfer depends on "whether

---

2021) (taking judicial notice of facilities in transferee district); https://www.ap.org/bureaus; https://www.thomsonreuters.com/en/locations/location-detail.html/washington-dc-location.

[3] *See* Ex. A, Decl. of K. Murray ¶¶ 4–8; Ex. B, Supp. Decl. of J. Daniszewski ¶¶ 2–5. To the extent Plaintiffs suggest supplements about those bureaus may not be submitted with a reply, Opp. 7, they are wrong. In fact, reply declarations clarifying facts in dispute are permissible and courts routinely rely on them, including with motions to transfer. *See, e.g.*, *Nexen Petroleum U.S.A., Inc. v. Ensco Offshore Co.*, 2015 WL 6511879, at *2 (W.D. La. Oct. 27, 2015) (relying on "[s]upplemental" reply declarations "providing additional information as to the location of the employees in question"); *Vargas v. Seamar Divers Int'l, LLC*, 2011 WL 1980001, at *10 (E.D. Tex. May 20, 2011) (granting motion to transfer, relying in part on declarations submitted in reply); *Grissom v. Ill. Cent. R.R. Co.*, 2014 WL 12788729, at *4 (E.D. Tenn. Feb. 3, 2014) (noting "reply affidavits that respond only to the opposing party's brief are properly filed with the reply brief").

the transferee district was one in which the action 'might have been brought' by the plaintiff." *Id.* at 343–44. But here, there was no question at the time Plaintiffs filed this case that they could have brought this case in New York. After all, Plaintiffs' prior Complaint had expressly alleged that the BBC was transacting substantial business there, the BBC had already consented to jurisdiction there, and a federal judge had already transferred the case there. Plaintiffs cite no comparable case in which the parties *were already litigating in the transferee forum*, or in which the movant accepted jurisdiction *prior to the filing of the lawsuit.*[4] In addition, every argument Plaintiffs make about why the BBC transacts business in this District, including through its multiple news platforms, applies with at least equal force to New York. ECF No. 53, at 14–21.

Plaintiffs argue in a conclusory footnote that Defendants failed to prove that the Post transacts substantial business in New York. This argument fails for the same reasons as Plaintiffs' arguments against Reuters and The AP, *supra*. The motion and Post declaration explain why the operations of the Post's New York office are substantial, *see* Mot. 9, and Plaintiffs point to no contrary facts. To avoid any doubt, the Post's supplemental declaration makes clear that the Post's New York operation is active and core to its business. Ex. C, Supp. Decl. of P. Wallsten ¶¶ 4–5. Thus, New York had jurisdiction over the parties, and the case could have been brought there.

## II. PLAINTIFFS' CHOICE OF FORUM IS NOT ENTITLED TO DEFERENCE.

Plaintiffs' argument that their choice of venue should be given deference is wrong. First, Plaintiffs' original choice of venue for this case was actually the Northern District of Texas. Mot. 1. Plaintiffs cite no case for the proposition that their *second-choice* forum deserves any weight. Second, Plaintiffs argue that in antitrust cases the plaintiff's choice of forum is entitled to

---

[4] If Plaintiffs thought Judge Kacsmaryk's decision "violated clear Supreme Court precedent," Opp. 2, they could have simply moved for reconsideration. But they did not, even after telling the Court they would. *See* Ex. D (e-mail from Plaintiffs' counsel). They also could have moved for reconsideration in New York. *See In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983).

deference, but they ignore that in every case they cite, a party was a resident of the district, or had offices and witnesses in the district. Opp. 15–16.[5] None of that is true here. Thus, Plaintiffs' own authority underscores what they are so conspicuously missing here—a resident party or witness in the district. In cases like this, by contrast, courts readily grant transfer.[6]

### III. THE PRIVATE AND PUBLIC FACTORS SUPPORT TRANSFER.

The Opposition makes clear that the Section 1404(a) private- and public-interest factors, including "the most important factor" of witness convenience, strongly favor transfer. *See Nexen Petroleum U.S.A., Inc. v. Ensco Offshore Co.*, 2015 WL 6511879, at *4 (W.D. La. Oct. 27, 2015). Following well-reasoned analysis of this test, Judge Kacsmaryk reached that same conclusion. *Child.'s Health Def. v. WP Co.*, 2023 WL 3940446, *3–4 (N.D. Tex. May 12, 2023).

#### A. The Private Factors Support Transfer.

##### 1. Access to Sources of Proof Support Transfer.

Plaintiffs argue the electronic nature of potential evidence means it may be accessed as easily in Monroe as in D.C. or New York, but they ignore that "the Fifth Circuit has rejected this

---

[5] *See, e.g.*, *Icon Indus. Controls Corp. v. Cimetrix, Inc.*, 921 F. Supp. 375, 376 (W.D. La. 1996) (plaintiff's principal place of business in Shreveport); *Cont'l Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1396 (S.D. Tex. 1992) ("Plaintiff . . . resides in the Southern District"); *Rochester Med. Corp. v. C.R. Bard, Inc.*, 2005 WL 8161204, at *1, *4–5 (E.D. Tex. Feb. 28, 2005) (defendant was "located in . . . Texas," had many witnesses in the district, and Plaintiff "detail[ed] specific acts on the part of both Plaintiff and Defendants" in the district); *Star Lines, Ltd. v. P. R. Mar. Shipping Auth.*, 442 F. Supp. 1201, 1203 (S.D.N.Y. 1978) (defendant had offices in New York and principal office nearby in New Jersey). For the same reason, Plaintiffs' allegations that they lost subscribers in the District (along with everywhere else) do not move the needle. *E.g.*, Decl. of D. O'Connor ¶ 8, ECF No. 52-4; *see GeoTag, Inc. v. Starbucks Corp.*, 2013 WL 890484, at *6 (E.D. Tex. Jan.14, 2013) (when harm is "nationwide, the alleged injury does not create a substantial local interest in any particular district"). Unlike *Rochester*, Plaintiffs cannot point to any relevant *conduct* that happened in the District. *See infra* Section III(B)(2) (no local interest).

[6] *See, e.g.*, *JM Comput. Servs., Inc. v. Schlumberger Techs., Inc.*, 886 F. Supp. 358, 359 (S.D.N.Y. 1995) (granting transfer, emphasizing that "courts have rejected the suggestion that a higher standard must be met in order to transfer antitrust cases"); *King v. Johnson Wax Assocs., Inc.*, 565 F. Supp. 711, 714–15 (D. Md. 1983) (granting transfer, emphasizing that "section 12 was not intended to provide a forum-shopping plaintiff with an unfettered choice of venue").

same argument in *In re Volkswagen*." *St. Paul Surplus Lines Ins. Co. v. Ace Am. Ins. Co.*, 2010 WL 4875683, at *7 (W.D. La. Oct. 12, 2010). And Plaintiffs do not contest that sources of proof are more readily available in the transferee districts, which supports transfer. Mot. 12–13.

### 2.     Availability of Compulsory Process Supports Transfer.

Plaintiffs do not dispute that Defendants' proposed transferee venues have compulsory process power over many potential witnesses, while this District has such power over none. Mot. 13–15. While Plaintiffs argue that Defendants have not demonstrated the potential witnesses are *unwilling* to testify, Opp. 23, they neither cite controlling authority that this is a relevant consideration, nor explain why Defendants should be clairvoyant about their willingness. And they ignore that in this District, courts hold this factor supports transfer based upon an analysis of non-party status only, without considering willingness to testify. *See, e.g.*, *Hard Metal Advantage LLC v. Kennametal Inc.*, 2022 WL 1088887, at *5 (W.D. La. Mar. 22, 2022). Because this District has no compulsory power over witnesses, and the transferee courts do, this factor favors transfer.

### 3.     Witness Convenience and Access Strongly Favors Transfer.

Plaintiffs acknowledge that witness convenience is the most important factor. *See* Opp. 2, 17. This forum is substantially less convenient for both party and non-party witnesses.

First, Plaintiffs have no response to the overwhelming majority of the witnesses cited in Defendants' motion, including fifteen specifically identified witnesses. Plaintiffs do not contest that the Defendants' witnesses will offer relevant testimony, or that the transferee forums are more convenient for them. Plaintiffs argue in a conclusory fashion that Louisiana is "centrally located," Opp. 21, but cannot rebut Defendants' showing that the travel time to the proposed venues is significantly more convenient for the majority of both party and non-party witnesses, Mot. 20–21.

Second, Plaintiffs argue that travel time can be disregarded for foreign witnesses, but their rule makes no sense. Opp. 20. The better approach, consistent with prevailing authority, is that

7

"the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Volkswagen AG*, 371 F.3d 201, 204–05 (5th Cir. 2004).[7]

Third, Plaintiffs undertake convenience analysis for only *a single potential witness*, Nathaniel Gleicher. Opp. 17–22. Defendants did not identify him for a valid reason: he did not materially participate in any TNI working group. *See* ECF No. 57-2, Decl. of C. Olbrantz ¶ 10.[8] Platform witnesses who *did* materially participate reside in Europe. *See, e.g.*, *id.*; Mot. 5.

Fourth, Plaintiffs fail to make any showing as to any other witness. Where, as here, a party "fails to specify how many . . . witnesses [they] propose[], what specific information each might provide, or where any such witnesses may be located," their submission is disregarded, because it "renders the Court unable to consider these purported witnesses in its . . . analysis." *Hard Metal*, 2022 WL 1088887, at *4; *Am. Contractors Indem. Co. v. ECI Constr., Inc.*, 2008 WL 11350197, at *4 (N.D. Tex. July 23, 2008) ("general reference to . . . potential witnesses" is insufficient).

In sum, Plaintiffs have no argument whatsoever about the vast majority of the witnesses cited by Defendants, and point to only a single potential witness, for whom the transferee forums are actually more convenient. The "most important" factor weighs decisively in favor of transfer.

### 4. Other Practical Considerations Favor Transfer.

Plaintiffs do not dispute that severing a case as a result of a lack of jurisdiction is strongly disfavored, and have therefore waived any argument on this issue. *See* Mot. 21–22 (citing cases);

---

[7] *See* Mot. 19–21 (citing cases); *see also, e.g.*, *Daisley v. Blizzard Music Ltd. (US)*, 2017 WL 706605, at *3 (D. Nev. Feb. 22, 2017) (granting motion to transfer where the transferee venue was the "easier and more direct destination for most witnesses coming from abroad"); *Phil-Insul Corp. v. Reward Wall Sys., Inc.*, 2012 WL 12836668, at *2 (E.D. Tex. Feb. 10, 2012) (similar).

[8] Nonetheless, the analysis shows the transferee forums are slightly more convenient for Gleicher. *Compare, e.g.*, Flights from Alameda, CA to D.C., Google, https://shorturl.at/pryJT (5 hour 10 minute nonstop flight) *with* Flights from Alameda, CA to New York, NY, Google, https://shorturl.at/jtGPY (5 hour 18 minute nonstop flight) *and* Flights from Alameda, CA to Monroe, LA, Google, https://shorturl.at/hryU4 (5 hours 47 minutes; no nonstop flights).

8

*see Parkman v. W&T Offshore, Inc.*, 547 F. Supp. 3d 536, 547–48 (M.D. La. 2021) (granting motion to dismiss on waiver grounds, citing cases). Therefore, if the Court grants the BBC's jurisdictional motion, this factor weighs heavily in favor of transfer. And the Court can decline to resolve the BBC's motion by transferring the case, given that there is jurisdiction in the target forums. *See LaCombe v. Walt Disney Parks & Resorts U.S., Inc.*, 2019 WL 13248968, at *1 (E.D. La. May 1, 2019) (courts may consider venue before personal jurisdiction where transfer is likely).

### B. The Public Factors Support Transfer.

#### 1. Court Congestion Supports Transfer.

Plaintiffs discount this factor in a cursory footnote, relying solely on a foreign case. The authority from this District, which Plaintiffs ignore, is clear that the factor must be considered, using the data Defendants supplied. *See* Mot. 22–23 (citing cases). Accordingly, Defendants' arguments stand and this factor weighs in favor of transfer.

#### 2. Local Interest Supports Transfer.

There are no resident parties in this District. *See* Mot. 23–25. Plaintiffs argue the analysis of this factor should be different in cases involving "nationwide" disputes. Opp. 23. But the cases they rely on are inapposite, and underscore the *absence* of any material connection to this District.[9] Indeed, the Fifth Circuit has held that interests that "could apply virtually to any judicial district or division in the United States" must be disregarded in favor of *particularized* local interests. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 318 (5th Cir. 2008). Plaintiffs cannot dispute that the transferee venues *do* have such particularized local interest in litigation concerning Defendants' resident news businesses, especially because "[t]he events that gave rise to this suit," *id.*, actually

---

[9] In *Utah v. Walsh*, a plaintiff lived in the district. 2023 WL 2663256, at *1 (N.D. Tex. March 28, 2023). But here, none do. Similarly, in *Rochester Medical*, "specific acts on the part of both Plaintiff and Defendants occur[ed]" in the district. 2005 WL 8161204, at *1. But here, none did.

occurred in D.C. and New York, not Monroe.  *See* Mot. 1–2; *Hard Metal*, 2022 WL 1088887, at *5–6 (greater local interest "where [defendant] maintains its principal place of business").[10]

### 3.     Familiarity with the Law and Conflict of Laws Are Neutral.

Plaintiffs' argument that transfer would be "contrary to the public interest" because of this Court's experience with "related" cases is incorrect on both the facts and the law.  Opp. 24–25.

First, Plaintiffs were aware of this Court's involvement in the "related" cases when they initially filed this lawsuit in January 2023 in Texas, two months *after* three of them (and their counsel) had previously moved to intervene in the *Missouri* case.[11]  Plaintiffs cannot credibly argue that it would be "contrary to the public interest" to litigate this case in another district, Opp. 25, when *they themselves chose to file their lawsuit in another district* in the first place.

Second, the other cases Plaintiffs suggest are "related," are plainly not.  The divergence between the lawsuits is clear—the other cases involve different causes of action, based on different conduct, against different defendants, brought by almost entirely different plaintiffs.  The defendants in the "related" cases are federal agencies or officials (not private news organizations).

Third, Plaintiffs ignore that "[c]ourts will not consider arguments that [a] district court is 'more familiar' with a federal law" like the Sherman Act.  *Nexen Petroleum U.S.A.*, 2015 WL 6511879, at *11.[12]  For the same reason, there is no conflict of law here.  Mot. 25.

### **CONCLUSION**

The Court should grant the motion to transfer the case.

---

[10] The Attorney General's involvement in a separate case, Opp. 23, about alleged conduct *by the federal government,* surely cannot create "local interest" in all social media cases in this District.

[11] *See* Motion To Intervene by Charlene Bollinger, Robert F. Kennedy, Jr. and Joseph Mercola, *Missouri*, No. 3:22-cv-01213 (W.D. La.), ECF No. 118 (Nov. 17, 2022).

[12] The D.D.C. and S.D.N.Y. are familiar with social media cases.  *See, e.g.*, *Am. Freedom Def. Initiative v. Lynch*, 217 F. Supp. 3d 100, 104 (D.D.C. 2016); *Brock v. Zuckerberg*, 2021 WL 2650070, at *1 (S.D.N.Y. June 25, 2021).  But this should not be a factor for this *antitrust* case.

Dated: August 29, 2023

/s/ Leslie E. John
Leslie E. John (*pro hac vice*, #917698)
Elizabeth P. Weissert (*pro hac vice*, #917700)
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500; Fax: (215) 864-8999
johnl@ballardspahr.com
weisserte@ballardspahr.com

Jay Ward Brown (*pro hac vice*, #917699)
Ballard Spahr LLP
1909 K Street N.W., 12th Floor
Washington, DC 20006
Tel: (202) 661-2200; Fax: (202) 661-2299
brownjay@ballardspahr.com

Loretta Mince #25796
Fishman Haygood LLP
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170
Tel: (504) 586-5252; Fax: (504) 586-5250
lmince@fishmanhaygood.com

*Attorneys for The Associated Press*

/s/ Jeffrey C. Bank
Jeffrey C. Bank (*pro hac vice*, #917708)
Allison B. Smith (*pro hac vice*, #917709)
Wilson Sonsini Goodrich & Rosati
1700 K Street, N.W., 5th Floor
Washington, DC 20006
Tel: (202) 973-8800; Fax: (202) 973-8899
jbank@wsgr.com
allison.smith@wsgr.com

Thomas M. McEachin #26412
Andrea V. Timpa #29455
William P. Gibbens #27225
Schonekas, Evans, McGoey
& McEachin, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, LA 70112

Respectfully submitted,

/s/ John E. Schmidtlein
John E. Schmidtlein (*pro hac vice*, #917694)
Thomas G. Hentoff (*pro hac vice*, #917696)
Nicholas G. Gamse (*pro hac vice*, #917695)
Kathryn E. Garza (*pro hac vice*, #917697)
Williams & Connolly LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Tel: (202) 434-5000; Fax: (202) 434-5029
jschmidtlein@wc.com
thentoff@wc.com
ngamse@wc.com
kgarza@wc.com

Bernard S. Johnson #07280
Cook, Yancey, King & Galloway
333 Texas Street, Suite 1700 (71101)
P.O. Box 22260
Shreveport, LA 71120-2260
Tel: (318) 221-6277; Fax: (318) 227-7850
bernard.johnson@cookyancey.com

*Attorneys for WP Company LLC
d/b/a The Washington Post*

11

Tel: (504) 680-6050; Fax: (504) 680-6051
thomas@semmlaw.com
andrea@semmlaw.com
billy@semmlaw.com

*Attorneys for Reuters News & Media Inc.*

## **CERTIFICATE OF SERVICE**

    The undersigned Counsel hereby certifies that on the 29th day of August 2023, notice of the foregoing pleading was provided via the CM/ECF system to the counsel of record.

                                            */s/ John E. Schmidtlein*
                                            John E. Schmidtlein