# EXHIBIT D

| | |
|---|---|
| **From:** | Ryan Brown |
| **To:** | Victoria Shrewsbury |
| **Cc:** | Tom.Riney@uwlaw.com; mjohansen@reedsmith.com; david@srlawtx.com; tim.williams@sprouselaw.com; jason.fenton@uwlaw.com; jbank@wsgr.com; jsessions@wsgr.com; Garza, Kathryn; Hentoff, Tom; Schmidtlein, John; john@ballardspahr.com; brownjay@ballardspahr.com; weisserte@ballardspahr.com; martinkr@ballardspahr.com; Scott James Street; Jed Rubenfeld |
| **Subject:** | Regarding the Transfer Order in Children"s Health Defense, et al. v. WP Company, LLC, et al., 23-cv-0004-Z |
| **Date:** | Saturday, May 13, 2023 10:44:21 PM |

Dear Victoria,

I write on behalf of the Plaintiffs in Children's Health Defense, et al. v. WP Company, LLC, et al., 23-cv-0004-Z, to advise the Court that on Monday, May 15, 2023, Plaintiffs intend to file the following papers with this Court:

  -- a Motion under Fed. R. Civ. P. 60(b) to stay and hold in abeyance the Court's transfer order (Dkt. #64) until the Court has reviewed Plaintiffs' Brief Opposing Motion to Transfer Venue (as well as any reply brief submitted by Defendants); and
 -- a copy of Plaintiffs' Brief Opposing Motion to Transfer Venue.

Plaintiffs believed that their Brief Opposing Motion To Transfer Venue was due, under the Court's scheduling Order (Dkt # 24), **on June 19th**.   By email dated April 22, 2023, we advised Defendants' counsel of that view and asked them to respond if they disagreed. They did not respond.   We therefore believed that all parties were in agreement that our Brief Opposing Motion to Transfer Venue was due on June 19th.  Plaintiffs and their counsel sincerely apologize for any misunderstanding of the Court's scheduling Order and for any confusion our misunderstanding may have caused.

In Monday's papers, we will also ask the Court to confirm that the current scheduling order (Dkt. #24) remains in effect and governs Defendants' other two motions - to dismiss for lack of personal jurisdiction and to dismiss for failure to state a claim.

Plaintiffs apologize for failing to raise immediately with the Court the issue of when Plaintiffs' Brief Opposing Motion to Transfer Venue was due.  We should also have advised the Court of our correspondence with Defense counsel confirming that our Brief was due June 19th.  Plaintiffs have not been dilatory.  We have been working diligently on response briefs to all of Defendants' motions and have already written a substantive (and in our view meritorious) response to the venue motion.  We respectfully beg the Court's forbearance and hope that the Court will excuse our misunderstanding and consider the Brief we will submit on Monday.

Before filing, we will of course consult with Defense counsel and ask their consent to what we propose.   We hope the Court will exercise its discretion and hold its transfer order in abeyance in order to give consideration to Plaintiffs' Brief and ultimately to the merits of this important antitrust case.

Sincerely,

Jed Rubenfeld
Scott Street
Roger Teich
John Howard

Ryan Brown