UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

---

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE, TRIALSITE, INC., CREATIVE DESTRUCTION MEDIA, LLC, ERIN ELIZABETH FINN, JIM HOFT, DR. BEN TAPPER, BEN SWANN, DR. JOSEPH MERCOLA, TY BOLLINGER, CHARLENE BOLLINGER, & JEFF CROUERE,<br><br>*Plaintiffs*,<br><br>v.<br><br>WP COMPANY, LLC D/B/A THE WASHINGTON POST, THE BRITISH BROADCASTING CORP., THE ASSOCIATED PRESS, & REUTERS NEWS & MEDIA INC.,<br><br>*Defendants*. | CIVIL ACTION NO. 3:23-cv-00720<br><br>Judge Terry A. Doughty<br>Magistrate Judge Kayla D. McClusky<br><br>JURY TRIAL DEMANDED |

---

**PLAINTIFFS' MOTION TO STRIKE
NEW REPLY EVIDENCE AND NEW REPLY ARGUMENTS,
OR IN THE ALTERNATIVE FOR LEAVE TO FILE SUR-REPLY,
IN OPPOSITION TO DEFENDANTS' VENUE TRANSFER MOTION**

## **TABLE OF CONTENTS**

Introduction ………………………………………………………………………….. 1

Procedural Statement ……………………………………………………………….... 2

Argument…………………………………………………………………………… 3

    I.     The Court should strike Defendants' new evidence……………………….... 3
    II.    The Court should also strike Defendants' new arguments……………………. 5
    III.   In the alternative, Plaintiffs are entitled to a sur-reply…………………….... 8

Conclusion………………………………………………………………………….. 8

# **TABLE OF AUTHORITIES**

**Cases**

*Box v. Dallas Mexican Consulate Gen.*, No. 3:08-cv-1010-O, 2013 U.S. Dist. LEXIS 206507 (N.D. Tex. May 31, 2013) .................................................................................................................... 1
*Garcia v. Delta Co.*, No. 3:20-CV-03194-X-BH, 2023 U.S. Dist. LEXIS 49414 (N.D. Tex. Feb. 24, 2023) ................................................................................................................................ 3
*Geiger v. Monroe Cnty., Miss.*, No. 1:16-CV-95-DMB-DAS, 2022 U.S. Dist. LEXIS 173880 (N.D. Miss. Sept. 26, 2022) ................................................................................................................ 8
*Grissom v. Ill. Cent. R.R. Co.*, No. 1:13-cv-228, 2014 U.S. Dist. LEXIS 204428 (E.D. Tenn. Feb. 3, 2014) .................................................................................................................................... 4
*Heatcraft Refrigeration Prods. Llc v. Freezing Equip. Co.*, No. 3:20-CV-1689-L, 2020 U.S. Dist. LEXIS 255165 (N.D. Tex. Aug. 3, 2020) ........................................................................... 3
*Hoffman v. Blaski*, 363 U.S. 335 (1960) ........................................................................................ 2
*Iteld, Bernstein & Assocs., LLC v. Hanover Ins. Group*, No. 06-3418, 2009 U.S. Dist. LEXIS 71539 (E.D. La. Aug. 12, 2009) ................................................................................................ 5
*Kelly v. Berry Contr., LP*, No. 19-10501, 2019 U.S. Dist. LEXIS 196549 (E.D. La. Nov. 13, 2019) .................................................................................................................................... 1, 4
*Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, 331 F.3d 452 (5th Cir. 2003) .............. 5
*Mahl v. Nokia, Inc.*, 212 Fed. Appx. 279 (5th Cir. 2006) ............................................................... 1
*Nexen Petroleum U.S.A., Inc. v. Ensco Offshore Co.*, No. 6:13-00604, 2015 U.S. Dist. LEXIS 146939 (W.D. La. Oct. 27, 2015) ............................................................................................. 4
*Noble House, L.L.C. v. Certain Underwriters at Lloyd's, London*, 67 F.4th 243 (5th Cir. 2023) .. 5
*OrchestrateHR, Inc. v. Trombetta*, No. 3:13-CV-2110-KS-BH, 2016 U.S. Dist. LEXIS 117986 (N.D. Tex. Sept. 1, 2016) .......................................................................................................... 1
*Redhawk Holdings Corp. v. Schreiber*, 836 Fed. Appx. 232 (5th Cir. 2020) ................................. 1
*Specialty Ins. Co. A.S. v. Digit Dirt Worx, Inc.* 793 Fed. Appx. 896 (11th Cir. 2019) ................... 8
*Vargas v. Seamar Divers Int'l, LLC*, 2:10-CV-178, 2011 U.S. Dist. LEXIS 54386 (E.D. Tex. May 20, 2011 ..................................................................................................................................... 4

**INTRODUCTION**

In the Fifth Circuit, absent exceptional circumstances, courts do not "consider arguments and evidence raised for the first time in a reply brief." *Redhawk Holdings Corp. v. Schreiber*, 836 Fed. Appx. 232, 235 (5th Cir. 2020). Under well-settled law, such arguments and evidence can and should be struck. *See, e.g.*, *Mahl v. Nokia, Inc.*, 212 Fed. Appx. 279, 280 n.1 (5th Cir. 2006) (granting motion to strike new arguments raised in reply brief); *Kelly v. Berry Contr., LP*, No. 19-10501, 2019 U.S. Dist. LEXIS 196549, at *2-3 (E.D. La. Nov. 13, 2019) ("Defendant's reply includes several new pieces of evidence submitted in an attempt to remedy deficiencies in its original motion that were identified by Plaintiffs in their opposition. '[A] movant should not be permitted to cure by way of reply what is in fact a defective motion.' Accordingly, this Court will not consider this evidence. . . . The exhibits attached to Bay's reply are stricken from the record.") (footnote omitted); *OrchestrateHR, Inc. v. Trombetta*, No. 3:13-CV-2110, 2016 U.S. Dist. LEXIS 117986, at *5 (N.D. Tex. Sept. 1, 2016) ("[T]he evidence and arguments introduced in [Defendant's] reply brief should properly have been introduced in his original motion. The Court will therefore **grant** [Plaintiffs'] Motion to Strike.") (original emphasis); *Box v. Dallas Mexican Consulate Gen.*, No. 3:08-cv-1010-O, 2013 U.S. Dist. LEXIS 206507, at *4-5 (N.D. Tex. May 31, 2013) ("The Court agrees that attaching new evidentiary materials in this reply is improper. . . . Accordingly, the Court finds that Plaintiff's Motion to Strike Appendix should be GRANTED.") (citation omitted).

Flouting this well-settled case law, Defendants have in their venue-transfer reply submitted three new declarations and advanced two new legal theories. Accordingly, Plaintiffs respectfully ask the Court to strike the new material. In the alternative, Plaintiffs respectfully seek leave to file a sur-reply within seven days of entry of the Court's order on this motion, in order to respond.

1

Plaintiffs make this motion to facilitate this Court's analysis and protect the record; even if all the improper new evidence and new arguments were considered, Defendants' motion to transfer would still be in violation of controlling Supreme Court authority, and Defendants would still have failed to carry their burden of demonstrating that transfer is clearly warranted.

## PROCEDURAL STATEMENT

On July 11, 2023, Defendants moved to transfer this case to either Washington, DC or the Southern District of New York. (ECF No. 42.) On August 15, 2023, Plaintiffs responded, showing fatal defects in Defendants' motion and evidentiary submissions. (ECF No. 52.)

As Plaintiffs showed, Defendants were attempting to secure transfer by **consenting** to suit in their preferred venues, thereby directly violating *Hoffman v. Blaski*, 363 U.S. 335 (1960). (*Id*. at 7-8.) Under *Hoffman*—controlling Supreme Court authority that Defendants neglected to mention in their opening brief—Defendants were required to demonstrate that their proposed transferee districts have personal jurisdiction over each and every Defendant ***irrespective of Defendants' consent to be sued there***. (*Id*. at 8.) *Hoffman* thus categorically ruled out the Southern District of New York, because Defendants' only argument for personal jurisdiction in New York over one of the Defendants—the BBC—was the BBC's proffered consent to be sued there. (*Id*. at 9-10.) It also ruled out Washington, DC, because of Defendants' reliance on the identical argument for another Defendant—Reuters—i.e., that Reuters would consent to suit in Washington. (*Id*. at 7, 11-12.) As Plaintiffs showed, apart from Reuters' consent to be sued in Washington (which is precluded and invalid under *Hoffman*), Defendants' only argument for personal jurisdiction in Washington over Reuters was the claim that Reuters transacts substantial business there, but Defendants' evidentiary submission purporting to prove this fact (the "Barrett Declaration," ECF No. 42-4) was utterly insufficient to meet Defendants' substantial burden of proof on this issue.

(*Id*. at 12-13.)

On August 29, 2023, Defendants filed their venue-transfer reply. (ECF No. 59.) Recognizing the deficiency of the evidence and arguments tendered in their original moving papers, Defendants now submit brand-new evidence and make brand-new arguments. Attached to their reply are three new declarations from three new declarants, seeking to put before the Court new evidence concerning where Defendants transact business, including a purported showing that Reuters transacts substantial business in Washington, DC. (ECF No. 59-1 at 2.) In addition to this new evidence, Defendants' reply advances new legal theories. For example, Defendants now argue for the first time (*see* ECF No. 59 at 1-2) that Plaintiffs have "conceded" that Reuters transacts business in Washington, DC through a half-sentence legal allegation in Plaintiffs' Complaint—an erroneous argument nowhere appearing in Defendants' opening brief. This improper attempt to advance new evidence and new legal arguments in a reply brief should not be permitted.

## **ARGUMENT**

### I.     The Court should strike Defendants' new evidence.

"[I]t is generally considered improper for a party to introduce new evidence at the reply stage of a motion proceeding." *Heatcraft Refrigeration Prods. LLC v. Freezing Equip. Co*., No. 3:20-CV-1689-L, 2020 U.S. Dist. LEXIS 255165, at *1 n.2 (N.D. Tex. Aug. 3, 2020). As such, it is well established in the Fifth Circuit that courts do not consider, and should strike, such evidence. *See, e.g.*, *Redhawk*, 836 Fed. Appx. at 235 (stating general rule that district courts do not "consider arguments and evidence raised for the first time in a reply brief"); *Garcia v. Delta Co*., No. 3:20-CV-03194-X, 2023 U.S. Dist. LEXIS 49414, at *14 n.4 (N.D. Tex. Feb. 24, 2023) ("A movant is not ordinarily permitted to introduce new evidence in support of a reply because such action deprives the non-movant of a meaningful opportunity to respond. . . . It is therefore not

3

considered.") (citation omitted); *Kelly*, 2019 U.S. Dist. LEXIS 196549, at *2-3; *OrchestrateHR, Inc.*, 2016 U.S. Dist. LEXIS 117986, at *5; *Box*, 2013 U.S. Dist. LEXIS 206507, at *4-5.

There can be no doubt that Defendants have submitted new evidence in their reply. The three new declarations they submit unabashedly offer new evidence concerning where the Defendants transact business. (ECF. Nos. 59-1, 59-2, 59-3.)[1] Tellingly, Defendants never acknowledge or confront a single one of the dozens of cases, including the Fifth Circuit's *Redhawk* decision, *supra*, stating the general rule in this circuit that courts do not and should not consider new evidence submitted in a reply brief.

Instead, Defendants pretend that there is no such rule, dropping a footnote citing two in-Circuit district court cases in which the issue is not discussed at all, and one Tennessee case applying Sixth Circuit law. (*See* ECF No. 59 at 4 n.3.)[2] Without informing the Court that they are

---

[1] Defendants also improperly attempt to submit new evidence concerning flight times to Monroe. (ECF 59 at 8 n.8 (citing wholly non-judicially noticeable Google results).) This too should be struck. In addition, Defendants attach a letter written by Plaintiffs in the Texas proceedings advising Judge Kacsmaryk that, in violation of his own scheduling order, he had ordered transfer of the case over a month before Plaintiffs' response to Defendants' transfer motion was due, and further notifying him that Plaintiffs intended to file a motion to stay the transfer order as well as a motion for reconsideration. (ECF No. 59-4.) This too should be struck, but Plaintiffs do not discuss it here because they fail to see how it is supposed to advance Defendants' argument. Plaintiffs were unable to make their motion to stay and motion for reconsideration in the Texas proceedings because, as it turned out, Judge Kacsmaryk's order had been immediately acted upon by the Clerk of the Court.

[2] In *Nexen Petroleum U.S.A., Inc. v. Ensco Offshore Co.*, No. 6:13-00604, 2015 U.S. Dist. LEXIS 146939 (W.D. La. Oct. 27, 2015), there is no discussion of the issue and no mention of any objection having been made to the filing of reply declarations; in addition, the "supplemental" reply declarations to which Defendants refer were followed by depositions on the same issues and several further rounds of evidentiary submissions by both parties. *See id.* at *6-8. In *Vargas v. Seamar Divers Int'l, LLC*, 2:10-CV-178, 2011 U.S. Dist. LEXIS 54386 (E.D. Tex. May 20, 2011), there is no discussion of the issue and no mention of any objection having been made to the filing of new evidence in reply. In *Grissom v. Ill. Cent. R.R. Co.*, No. 1:13-cv-228, 2014 U.S. Dist. LEXIS 204428 (E.D. Tenn. Feb. 3, 2014), the court expressly applies Sixth Circuit precedent on the permissibility of reply affidavits (and that precedent, although inapplicable here, requires that the non-movant be granted an opportunity to respond). *See id.* at *11-13.

4

doing so, Defendants are simply ignoring and flouting the law. *See Heatcraft*, 2020 U.S. Dist. LEXIS 255165, at *1 n.2 ("the court does not consider evidence submitted by Plaintiff for the first time in support of its reply . . . because it is generally considered improper for a party to introduce new evidence at the reply stage of a motion proceeding. . . . *[T]he purpose of a reply brief is to rebut the nonmovant's response with argument, not to introduce new evidence*") (emphasis added).

Accordingly, Defendants' new declarations should be struck. "[A] movant should not be permitted to cure by way of reply what is in fact a defective motion." *Kelly*, 2019 U.S. Dist. LEXIS 196549, at *2 (striking new evidence); *see also Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, 331 F.3d 452, 458 (5th Cir. 2003) (noting that the "magistrate judge struck the appendix that Mothers attached to its reply brief . . . as an impermissible attempt to introduce new evidence at the reply stage" and upholding district judge's ruling because it did not rely on that evidence).

**II. The Court should also strike Defendants' new arguments.**

"Generally, neither this court nor the district courts of this circuit will 'review arguments raised for the first time in [a] reply brief.'" *Redhawk*, 836 Fed. Appx. at 235. "[A]rguments raised for the first time in a reply brief are waived." *Noble House, L.L.C. v. Certain Underwriters at Lloyd's*, 67 F.4th 243, 249 n.3 (5th Cir. 2023); *Iteld, Bernstein & Assocs., LLC v. Hanover Ins. Gp.*, No. 06-3418, 2009 U.S. Dist. LEXIS 71539, at *11 (E.D. La. Aug. 12, 2009) (same).

Defendants' reply advances two new legal theories, both of which could have been asserted in their original motion. First, Defendants now argue that Plaintiffs have "conceded" that Reuters transacts substantial business in Washington, DC because the Complaint "alleges that each of the Defendants is 'transacting substantial business in every American state and district,'" and this "allegation[] must be 'accepted as true' for purposes of this motion." (ECF No. 59 at 2.) No such

5

argument appears, expressly or implicitly, in any form in Defendants' opening brief. It is therefore new and therefore waived.

The argument is also erroneous. Should the Court choose to consider this new argument and grant Plaintiffs leave to file a sur-reply (*see infra* Point III), Plaintiffs will show: (a) that under controlling authority, purely legal conclusions asserted in a complaint are ***not*** assumed true; (b) that a plaintiff is permitted to advance alternative and even conflicting legal theories in a complaint; (c) that Defendants' new argument contradicts Defendants' own claims concerning the BBC—i.e., if the Complaint's legal assertion that all Defendants transact business in every district were to be conclusively assumed true on these motions, then the BBC and the other Defendants could not argue, as they do, that the BBC does ***not*** transact substantial business in ***this*** District;[3] and finally (d) that by making a venue transfer motion, Defendants incurred the burden of coming forward with ***evidence*** beyond the pleadings affirmatively proving that Reuters transacts substantial business in Washington, DC, which they wholly failed to do and which cannot be substituted for now by citing a legal conclusion in the Complaint.

Second, Defendants advance an entirely new theory concerning the BBC's consent to being sued in New York. Recognizing that under *Hoffman* transfer cannot be secured on the basis of the BBC's representation to this Court that it will consent to suit in New York, Defendants now invoke the BBC's ***previous*** offer of the same consent in a motion it made in the Texas proceedings. (ECF No. 59 at 5.) According to Defendants, the BBC's ***prior*** offer of consent to a New York suit (in

---

[3] The BBC, in its motion to dismiss for lack of personal jurisdiction, expressly asserts that it does not transact business in this District, and the other Defendants, both in their opening venue-transfer brief and again in their reply, adopt this argument and claim that the Court's supposed resulting lack of personal jurisdiction over the BBC is a factor weighing in favor of transfer. (*See* ECF No. 42 at 22; ECF No. 59 at 8-9.) In other words, all Defendants claim that the BBC does not transact business in this District, directly contradicting the notion that the Complaint's contrary legal assertion is to be conclusively assumed true.

6

the Texas proceedings) somehow works the magic they need (to establish personal jurisdiction over the BBC in New York) even though the BBC's *present* consent does not.

This is a brand-new legal theory. Defendants make no claim (and could not make any claim) that this theory was somehow unavailable earlier, yet no reference was made in Defendants' opening brief to the BBC's *prior* offer of consent to suit in New York. No argument was made that such asserted *prior* consent had any kind of special legal effect that the BBC's *present* offer of consent does not. In other words, this novel argument was not raised in Defendants' opening brief—indeed, to Plaintiffs' knowledge, no such argument has ever been made to any court in any case—and it is therefore waived.

Defendants' argument is also, again, erroneous. Should the Court choose to consider the argument and grant Plaintiffs leave to file a sur-reply, Plaintiffs will show: (a) that the BBC's prior offer of consent to a New York suit (made in the Texas proceedings) would make no legal difference whatsoever here even if such consent were legally operative; (b) that in any event, Plaintiffs' voluntary dismissal of the earlier proceedings "render[s] the [prior] proceedings a nullity and leave[s] the parties as if the action had never been brought," so that any BBC offer of consent in the Texas proceedings became inoperative after the original suit was dismissed; and (c) that a novel theory of personal jurisdiction, not supported by any case law from any circuit, is patently insufficient to satisfy Defendants' burden of proving that Plaintiffs had an "unqualified right" to sue in New York.

Thus Defendants have raised two new legal theories in their reply, and both should be struck. *See, e.g.*, *Mahl*, 212 Fed. Appx. at 280 n.1 (granting motion to strike new arguments raised in reply brief); *OrchestrateHR, Inc.*, 2016 U.S. Dist. LEXIS 117986, at *5 (granting motion to strike new arguments raised in reply brief).

**III.    *In the alternative, Plaintiffs are entitled to a sur-reply.***

As the Fifth Circuit has stated, while the general rule is that district courts do not and should not consider new evidence or new arguments submitted in a reply, if a court does consider new material, then a sur-reply is mandated:

> On occasion, however, a district court may consider arguments and evidence raised for the first time in a reply brief without abusing its discretion "so long as it gives the 'non-movant an adequate opportunity to respond prior to a ruling.'" *Thompson v. Dall. City Attorney's Office*, 913 F.3d 464, 471 (5th Cir. 2019) (quoting *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004)).

*Redhawk*, 836 Fed. Appx. at 235. "When faced with a reply brief that offers new evidence . . . the district court has two permissible courses of action. It can either (1) permit the nonmoving party to file a surreply or (2) refrain from relying on any new material contained in the reply brief." *Atl. Specialty Ins. Co. A.S. v. Digit Dirt Worx, Inc.*, 793 Fed. Appx. 896, 901-02 (11th Cir. 2019); *see also Geiger v. Monroe Cnty.*, No. 1:16-CV-95, 2022 U.S. Dist. LEXIS 173880, at *2 (N.D. Miss. Sept. 26, 2022) ("'While it is true that the Federal Rules of Civil Procedure do not expressly allow for a surreply by a nonmovant, a sur-reply is appropriate when the movant's rebuttal raises new legal theories or attempts to present new evidence at the reply or rebuttal stage.'") (citation omitted). Accordingly, should this Court excuse the Defendants' procedural lapse and choose not to strike the new evidence and arguments, Plaintiffs respectfully request leave to file a sur-reply.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully ask the Court to strike and refuse to consider Defendants' new evidence and new legal theories, or in the alternative, to grant Plaintiffs leave to file a sur-reply.

Date: September 5, 2023

8

Respectfully submitted,

*/s/ G. Shelly Maturin, II*
_____

G. SHELLY MATURIN, II (#26994)
WELBORN & HARGETT, LLC
1540 W. Pinhook Road
Lafayette, LA 70503
Telephone: (337) 234-5533
Facsimile: (337) 769-3173
shelly@wandhlawfirm.com

JOHN W. HOWARD (CA 80200)
SCOTT J. STREET (CA 258962)
JW HOWARD/ATTORNEYS, LTD.
600 West Broadway, Ste. 1400
San Diego, CA 92101
Telephone: (213) 205-2800
johnh@jwhowardattorneys.com
sstreet@jwhowardattorneys.com

Attorneys for Plaintiffs

JED RUBENFELD (NY 2214104)
(pro hac vice)
1031 Forest Rd.
New Haven, CT 06515
Telephone: (203) 432-7631
jed.rubenfeld@yale.edu

ROBERT F. KENNEDY, JR. (NY 1999993)
(pro hac vice forthcoming)
48 Dewitt Mills Rd.
Hurley, NY 12433
Telephone: (845) 481-2622
(pro hac vice)

ROGER I. TEICH (CA 147076)
(pro hac vice #917768)
337 Liberty St.
San Francisco, CA 94110
Telephone: (415) 948-0045
rteich@juno.com

Attorneys for Children's Health Defense

## **CERTIFICATE OF SERVICE**

This is to certify that on the 5th day of September, 2023, a true and correct copy of the above and foregoing was filed with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to all attorneys of record.

*/s/ G. Shelly Maturin, II*
_____

G. SHELLY MATURIN, II