UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

---

| | |
|---|---|
| CHILDREN'S HEALTH DEFENSE, TRIALSITE, INC., CREATIVE DESTRUCTION MEDIA, LLC, ERIN ELIZABETH FINN, JIM HOFT, DR. BEN TAPPER, BEN SWANN, DR. JOSEPH MERCOLA, TY BOLLINGER, CHARLENE BOLLINGER, & JEFF CROUERE, | CIVIL ACTION NO. 3:23-cv-00720<br><br>Judge Terry A. Doughty<br>Magistrate Judge Kayla D. McClusky |
| *Plaintiffs*, | |
| v. | |
| WP COMPANY, LLC D/B/A THE WASHINGTON POST, THE BRITISH BROADCASTING CORP., THE ASSOCIATED PRESS, & REUTERS NEWS & MEDIA INC., | JURY TRIAL DEMANDED |
| *Defendants.* | |

---

**PLAINTIFFS' MOTION TO STRIKE
NEW REPLY EVIDENCE AND NEW REPLY ARGUMENTS,
OR IN THE ALTERNATIVE FOR LEAVE TO FILE SUR-REPLY,
IN OPPOSITION TO THE BBC'S PERSONAL JURISDICTION MOTION**

## **TABLE OF CONTENTS**

Introduction ………………………………………………………………………… 1

Procedural Statement...……………………………………………………………… 2

Argument…………………………………………………………………………….. 3

      I.      The Court should strike the BBC's new evidence……………………….. 3
      II.     The Court should also strike the BBC's new arguments………………… 6
      III.    In the alternative, Plaintiffs are entitled to a sur-reply…………………… 7

Conclusion…………………………………………………………………………... 8

# TABLE OF AUTHORITIES

**Cases**

*Box v. Dallas Mexican Consulate Gen.*, No. 3:08-cv-1010-O, 2013 U.S. Dist. LEXIS 206507 (N.D. Tex. May 31, 2013) ................................................................................................................ 1

*Garcia v. Delta Co.*, No. 3:20-CV-03194-X-BH, 2023 U.S. Dist. LEXIS 49414 (N.D. Tex. Feb. 24, 2023) ................................................................................................................................ 4

*Geiger v. Monroe Cnty., Miss.*, No. 1:16-CV-95-DMB-DAS, 2022 U.S. Dist. LEXIS 173880 (N.D. Miss. Sept. 26, 2022) .............................................................................................................. 8

*Heatcraft Refrigeration Prods. Llc v. Freezing Equip. Co.*, No. 3:20-CV-1689-L, 2020 U.S. Dist. LEXIS 255165 (N.D. Tex. Aug. 3, 2020) .................................................................................. 3

*Iteld, Bernstein & Assocs., LLC v. Hanover Ins. Group*, No. 06-3418, 2009 U.S. Dist. LEXIS 71539 (E.D. La. Aug. 12, 2009) ............................................................................................... 6

*Kelly v. Berry Contr., LP*, No. 19-10501, 2019 U.S. Dist. LEXIS 196549 (E.D. La. Nov. 13, 2019) ................................................................................................................................................ 1

*Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, 331 F.3d 452 (5th Cir. 2003) .............. 5

*Mahl v. Nokia, Inc.*, 212 Fed. Appx. 279 (5th Cir. 2006) ............................................................... 1

*Noble House, L.L.C. v. Certain Underwriters at Lloyd's, London*, 67 F.4th 243 (5th Cir. 2023) .. 6

*OrchestrateHR, Inc. v. Trombetta*, No. 3:13-CV-2110-KS-BH, 2016 U.S. Dist. LEXIS 117986 (N.D. Tex. Sept. 1, 2016) ........................................................................................................... 1

*Redhawk Holdings Corp. v. Schreiber*, 836 Fed. Appx. 232 (5th Cir. 2020) ................................ 1

*Specialty Ins. Co. A.S. v. Digit Dirt Worx, Inc.* 793 Fed. Appx. 896 (11th Cir. 2019) ................... 8

### INTRODUCTION

In the Fifth Circuit, absent exceptional circumstances, courts do not "consider arguments and evidence raised for the first time in a reply brief." *Redhawk Holdings Corp. v. Schreiber*, 836 Fed. Appx. 232, 235 (5th Cir. 2020). Under well-settled law, such arguments and evidence can and should be struck. *See, e.g.*, *Mahl v. Nokia, Inc.*, 212 Fed. Appx. 279, 280 n.1 (5th Cir. 2006) (granting motion to strike new arguments raised in reply brief); *Kelly v. Berry Contr., LP*, No. 19-10501, 2019 U.S. Dist. LEXIS 196549, at *2-3 (E.D. La. Nov. 13, 2019) ("Defendant's reply includes several new pieces of evidence submitted in an attempt to remedy deficiencies in its original motion that were identified by Plaintiffs in their opposition. '[A] movant should not be permitted to cure by way of reply what is in fact a defective motion.' Accordingly, this Court will not consider this evidence . . . . The exhibits attached to Bay's reply are stricken from the record.") (footnote omitted); *OrchestrateHR, Inc. v. Trombetta*, No. 3:13-CV-2110, 2016 U.S. Dist. LEXIS 117986, at *5 (N.D. Tex. Sept. 1, 2016) ("[T]he evidence and arguments introduced in [Defendant's] reply brief should properly have been introduced in his original motion. The Court will therefore **grant** [Plaintiffs'] Motion to Strike.") (original emphasis); *Box v. Dallas Mexican Consulate Gen.*, No. 3:08-cv-1010-O, 2013 U.S. Dist. LEXIS 206507, at *4-5 (N.D. Tex. May 31, 2013) ("The Court agrees that attaching new evidentiary materials in this reply is improper. . . . Accordingly, the Court finds that Plaintiff's Motion to Strike Appendix should be GRANTED.") (citation omitted).

Flouting this well-settled case law, Defendant the British Broadcasting Corporation ("BBC") has in its personal-jurisdiction reply submitted new brand new documentary evidence and advanced brand new legal theories. Accordingly, Plaintiffs respectfully ask the Court to strike the new material. In the alternative, Plaintiffs respectfully seek leave to file a sur-reply.

This motion is made to facilitate this Court's analysis and to protect the record; even if all the BBC's new evidence and new arguments were considered, the result would not change. Plaintiffs would still have made, at the very least, a prima facie showing (which is all that is required) that the BBC is subject to personal jurisdiction in this Court.

## PROCEDURAL STATEMENT

On July 11, 2023, the BBC moved to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). (ECF No. 39.) On August 15, 2023, Plaintiffs responded, showing fatal defects in the BBC's arguments and evidentiary submissions. (ECF No. 53.)

As Plaintiffs showed, the BBC's entire brief was devoted to claiming a lack of minimum contacts with Louisiana, when under Fifth Circuit case law, the "relevant minimum contacts inquiry . . . is whether [the BBC] had sufficient minimum contacts with the United States." (*Id*. at 1 (citations omitted).) Plaintiffs also showed that this same case law refuted the BBC's effort to invoke a Clayton Act *venue* provision—which allows antitrust cases to be brought not only where venue lies under general venue rules, but also where a corporation transacts business—as a "prerequisite" to a finding that the BBC is subject to personal jurisdiction in this Court. (*Id*. at 5-11.) Nevertheless, Plaintiffs further showed that the BBC does in fact transact business in this District. (*Id*. at 11-21.) Specifically, Plaintiffs made at the very least a prima facie showing (which, as stated above, is the lenient evidentiary standard applicable to a Rule 12(b)(2) motion) that the BBC transacts substantial business in this District through four distinct major business operations, including (but not limited to) operations conducted by its wholly-owned subsidiary, BBC Studios. (*See id*.)[1]

---

[1] Plaintiffs also filed on the same date (August 15, 2023), in the alternative, a motion for jurisdictional discovery in the event that the Court should decide that a prima facie showing has not yet been made. (ECF No. 54.)

On August 29, 2023, the BBC filed its reply. (ECF No. 57.) Recognizing the deficiency of the evidence and arguments tendered in its original papers, the BBC now submits brand-new evidence and arguments. Attached to its reply are two new declarations from two new declarants, seeking to put before the Court new evidence and conclusory statements concerning how the BBC conducts its operations in America and its relationship to BBC Studios. (ECF No. 57-1, 57-2.) In addition to this new evidence, Defendants' reply advances two new legal theories. While the BBC's opening brief expressly acknowledged (and sought to take advantage of) the fact that the BBC is a "foreign" (non-U.S.) corporation (*see* ECF No. 39-1 at 17), the BBC's reply brief now argues for the first time that the BBC is ***not*** a foreign corporation, so that the venue rules applicable to foreign corporations supposedly do not apply to it. (ECF No. 57 at 10.) In addition, while the BBC originally argued only that the ***Clayton Act***'s transacting-business venue provision was not satisfied here (supposedly depriving this Court of personal jurisdiction over the BBC), the BBC now argues for the first time that ***no*** venue provisions are satisfied here (*see id.*), so that there is supposedly ***no venue at all***—a brand new (although equally erroneous) legal theory on the basis of which the BBC could have filed (but didn't file) a wholly different motion to dismiss, i.e., a motion to dismiss for lack of venue under Fed. R. Civ. P. 12(b)(3). This improper attempt to advance new evidence and new legal arguments in a reply brief should not be permitted.

## Argument

**I.      The Court should strike the BBC's new evidence.**

"[I]t is generally considered improper for a party to introduce new evidence at the reply stage of a motion proceeding." *Heatcraft Refrigeration Prods. LLC v. Freezing Equip. Co.*, No. 3:20-CV-1689-L, 2020 U.S. Dist. LEXIS 255165, at *1 n.2 (N.D. Tex. Aug. 3, 2020). As such, it is well established in the Fifth Circuit that courts do not consider, and should strike, such evidence.

3

*See, e.g.*, *Redhawk*, 836 Fed. Appx. at 235 (stating general rule that district courts do not "consider arguments and evidence raised for the first time in a reply brief"); *Garcia v. Delta Co.*, No. 3:20-CV-03194-X, 2023 U.S. Dist. LEXIS 49414, at *14 n.4 (N.D. Tex. Feb. 24, 2023) ("A movant is not ordinarily permitted to introduce new evidence in support of a reply because such action deprives the non-movant of a meaningful opportunity to respond . . . . It is therefore not considered.") (citation omitted); *Kelly*, 2019 U.S. Dist. LEXIS 196549, at *2-3 (striking new reply evidence); *OrchestrateHR, Inc.*, 2016 U.S. Dist. LEXIS 117986, at *5 (same); *Box*, 2013 U.S. Dist. LEXIS 206507, at *4-5 (same).

There can be no doubt that the BBC has submitted new evidence in its reply. In the new "Loweth Declaration," the BBC offers new evidence supposedly showing how the BBC does business, how it conducts its American business operations, who operates the BBC's website bbc.com, how bbc.com supposedly differs from bbc.co.uk, and how the BBC and its governing Board manage its subsidiaries. (*See* ECF No. 57-1.) In the "Olbrantz Declaration," the BBC offers statements asserting that the bbc.com website is not truly "interactive," as well as the conclusory assertion that the bbc.com website is exclusively "operated" by BBC Studios. (ECF No. 57-2 at pp. 2-3.) The latter assertion is significant because the BBC's original evidentiary submission (the "Munro Declaration") stated the BBC's website bbc.com was **"commercialized"** in the United States by BBC Studios, but did not claim that BBC Studios *operates* that website. (ECF No. 39-2 ¶ 9 (emphasis added).) Plaintiffs responded with evidence and specific facts—e.g., that the BBC owns the bbc.com, holds the copyright on bbc.com, produces the content for that website, publishes content to that website, and decides what content appears on that website—establishing a prima facie case that the BBC itself operates bbc.com. (ECF No. 53-2 ("Creter Declaration") at 5.) The assertion in both of the BBC's new declarations (ECF Nos. 57-1 at 4, 57-2 at 3) that BBC

4

Studios "operates" bbc.com—although without any actual facts backing up this assertion—is a bald effort to introduce new evidence in a reply brief.

The BBC makes no claim—and could not make any claim—that the newly submitted evidence was somehow unavailable earlier. Nor does the BBC acknowledge a single one of the dozens of cases, including the Fifth Circuit's *Redhawk* decision, *supra*, stating the general rule that courts should not and do not consider new evidence submitted in a reply brief. Rather, the BBC claims that "reply declarations" are "appropriate" on the basis of a single case that does not support its position and actually *rejects* a movant's attempt to introduce new evidence in a reply brief.[2] Without informing the Court that it is doing so, the BBC is simply flouting the law. *See Heatcraft*, 2020 U.S. Dist. LEXIS 255165, at *1 n.2 ("the court does not consider evidence submitted by Plaintiff for the first time in support of its reply . . . because it is generally considered improper for a party to introduce new evidence at the reply stage of a motion proceeding. . . . *[T]he purpose of a reply brief is to rebut the nonmovant's response with argument, not to introduce new evidence*") (emphasis added).

Accordingly, the BBC's new declarations (and their attachments) should be struck. "[A] movant should not be permitted to cure by way of reply what is in fact a defective motion." *Kelly*, 2019 U.S. Dist. LEXIS 196549, at *2 (striking new evidence); *see also Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, 331 F.3d 452, 458 (5th Cir. 2003) (noting that the "magistrate

---

[2] The BBC cites *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, No. 11-3094, MDL No. 2047, 2018 U.S. Dist. LEXIS 205523 (E.D. La. Dec. 5, 2018), claiming that the case holds "reply declarations appropriate." (ECF 57 at 1 n.1.) In fact, *In re Chinese-Manufactured Drywall* states the general rule that new reply evidence is *impermissible* and *rejects* defendants' argument that they could submit a reply declaration that supposedly "responded" to plaintiff's response. *See* 2018 U.S. Dist. LEXIS 205523, at *15-16, 20. The Court found that the issues addressed in the proffered reply declaration were raised in defendants' opening brief and that "Defendants could have, but did not, include the declaration in their initial motion." *Id*. at 20. The same is true here.

judge struck the appendix that Mothers attached to its reply brief . . . as an impermissible attempt to introduce new evidence at the reply stage" and upholding district judge's ruling because judge did not rely on the excluded evidence).[3]

## II. The Court should also strike the BBC's new arguments.

"Generally, neither this court nor the district courts of this circuit will 'review arguments raised for the first time in [a] reply brief.'" *Redhawk*, 836 Fed. Appx. at 235. "[A]rguments raised for the first time in a reply brief are waived." *Noble House, L.L.C. v. Certain Underwriters at Lloyd's, London*, 67 F.4th 243, 249 n.3 (5th Cir. 2023); *Iteld, Bernstein & Assocs., LLC v. Hanover Ins. Group*, No. 06-3418, 2009 U.S. Dist. LEXIS 71539, at *11 (E.D. La. Aug. 12, 2009) (same).

As stated above, the BBC's reply brief raises two new arguments. First, the BBC now claims that it is not subject to the venue rules applicable to foreign corporations. (ECF No. 57 at 10.) By contrast, in its opening brief, the BBC expressly acknowledged that it is a "foreign" (non-U.S.) corporation. (ECF No. 39-1 at 17.) Moreover, the BBC's original evidentiary submission acknowledged that the BBC is a British corporation chartered by the British Crown and headquartered in London. (ECF No. 39-2, ¶ 5.) The BBC's new theory is apparently that it is not a foreign corporation because it is also incorporated in Washington, DC. (ECF No. 57 at 10.) This

---

[3] Should the Court choose to consider the new declaration and grant Plaintiffs leave to file a sur-reply (*see infra* Point III), Plaintiffs will show that the BBC's new evidence is in any event just as deficient as its original evidence. Specifically, Plaintiffs will show: (a) that the new evidence in no way alters the fact that Plaintiffs have made a prima facie showing that the BBC transacts substantial business in this District (which is all Plaintiffs are required to do); (b) that the BBC's new evidence says nothing about major BBC business operations that, as shown in the Creter Declaration, the BBC conducts in this District; (c) fails to refute Plaintiffs' showing that the BBC itself, by its own admission, exercises controlling decision-making authority over BBC Studios; and (d) that at most the BBC's new evidence raises factual disputes that must on this motion be resolved in Plaintiffs' favor. In the alternative, Plaintiffs will show that they remain entitled at the very least to jurisdictional discovery.

is a completely different venue argument, nowhere made or suggested in the BBC's opening papers. It is therefore waived.

Second, relatedly, while the BBC previously argued that the ***Clayton Act***'s venue provision was not satisfied, so that there was supposedly no personal jurisdiction over the BBC in this Court, the BBC's reply argues for the first time that venue also does not lie under **Section 1391** (the general venue statute), implying that there is **no venue over the BBC in this Court at all**. (ECF No. 57 at 10.) This too is a completely new and different legal argument, entirely absent from the BBC's opening papers. It too is therefore waived.

These new arguments are erroneous. Should the Court choose to consider them and grant Plaintiffs leave to file a sur-reply (*see infra* Point III), Plaintiffs will show: (a) that the BBC is—at least as a prima facie matter—most certainly a foreign corporation; (b) that venue does indeed lie against the BBC under two different provisions of Section 1391, including the longstanding venue rules applicable to foreign corporations; and (c) that the BBC's new arguments are barred not only by its failure to raise them in its opening brief, but also by Fed. R. Civ. P. 12(h), under the express terms of which a party that makes only a motion to dismiss for lack of jurisdiction waives any argument it might have had that venue is lacking.

Thus Defendants have raised two new legal theories in their reply, and both should be struck. *See, e.g.*, *Mahl*, 212 Fed. Appx. at 280 n.1 (granting motion to strike new arguments raised in reply brief); *OrchestrateHR, Inc.*, 2016 U.S. Dist. LEXIS 117986, at *5 (same).

### III. *In the alternative, Plaintiffs are entitled to a sur-reply.*

As the Fifth Circuit has stated, while the general rule is that district courts do not and should not consider new evidence or new arguments submitted in a reply, if a court does consider new material, then a sur-reply is mandated:

7

> On occasion, however, a district court may consider arguments and evidence raised for the first time in a reply brief without abusing its discretion "so long as it gives the 'non-movant an adequate opportunity to respond prior to a ruling.'" *Thompson v. Dall. City Attorney's Office*, 913 F.3d 464, 471 (5th Cir. 2019) (quoting *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004)).

*Redhawk*, 836 Fed. Appx. at 235. "When faced with a reply brief that offers new evidence . . . the district court has two permissible courses of action. It can either (1) permit the nonmoving party to file a surreply or (2) refrain from relying on any new material contained in the reply brief." *Atl. Specialty Ins. Co. A.S. v. Digit Dirt Worx, Inc.*, 793 Fed. Appx. 896, 901-02 (11th Cir. 2019)); *see also Geiger v. Monroe Cnty.*, No. 1:16-CV-95, 2022 U.S. Dist. LEXIS 173880, at *2 (N.D. Miss. Sept. 26, 2022) ("'While it is true that the Federal Rules of Civil Procedure do not expressly allow for a surreply by a nonmovant, a sur-reply is appropriate when the movant's rebuttal raises new legal theories or attempts to present new evidence at the reply or rebuttal stage.'").

Accordingly, should this Court choose not to strike the BBC's new evidence and arguments, Plaintiffs respectfully request leave to file a sur-reply.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully ask the Court to strike and refuse to consider Defendants' new evidence and new legal theories, or in the alternative, to grant Plaintiffs leave to file a sur-reply.

Date: September 5, 2023

8

Respectfully submitted,

*/s/ G. Shelly Maturin, II*
_____

| | |
|---|---|
| G. SHELLY MATURIN, II (#26994)<br>WELBORN & HARGETT, LLC<br>1540 W. Pinhook Road<br>Lafayette, LA 70503<br>Telephone: (337) 234-5533<br>Facsimile: (337) 769-3173<br>shelly@wandhlawfirm.com<br><br>JOHN W. HOWARD (CA 80200)<br>SCOTT J. STREET (CA 258962)<br>JW HOWARD/ATTORNEYS, LTD.<br>600 West Broadway, Ste. 1400<br>San Diego, CA 92101<br>Telephone: (213) 205-2800<br>johnh@jwhowardattorneys.com<br>sstreet@jwhowardattorneys.com<br><br>Attorneys for Plaintiffs | JED RUBENFELD (NY 2214104)<br>(pro hac vice)<br>1031 Forest Rd.<br>New Haven, CT 06515<br>Telephone: (203) 432-7631<br>jed.rubenfeld@yale.edu<br><br>ROBERT F. KENNEDY, JR. (NY 1999993)<br>(pro hac vice forthcoming)<br>48 Dewitt Mills Rd.<br>Hurley, NY 12433<br>Telephone: (845) 481-2622<br>(pro hac vice)<br><br>ROGER I. TEICH (CA 147076)<br>(pro hac vice #917768)<br>337 Liberty St.<br>San Francisco, CA 94110<br>Telephone: (415) 948-0045<br>rteich@juno.com<br><br>Attorneys for Children's Health Defense |

## CERTIFICATE OF SERVICE

This is to certify that on the 5th day of September, 2023, a true and correct copy of the above and foregoing was filed with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to all attorneys of record.

*/s/ G. Shelly Maturin, II*
_____

G. SHELLY MATURIN, II