**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**Children's Health Defense,**
**Trialsite, Inc., Creative Destruction**
**Media, LLC, Erin Elizabeth Finn,**
**Jim Hoft, Dr. Ben Tapper, Ben Swann,**
**Dr. Joseph Mercola, Ty Bollinger,**
**Charlene Bollinger, and Jeff Crouere**

*Plaintiffs*,

— against —

**WP Company, LLC (D/B/A The**
**Washington Post), The British**
**Broadcasting Corp., The Associated**
**Press, and Reuters News & Media, Inc.,**

*Defendants.*

Civil Action No. 3:23-cv-00720

Judge Terry A. Doughty

Magistrate Judge Kayla D. McClusky

---

# The British Broadcasting Corporation's Opposition to Plaintiffs' Alternative Motion for Jurisdictional Discovery

---

**Reed Smith LLP**
Edward B. Schwartz
Michelle A. Mantine
Casey J. Olbrantz

**Hudson, Potts & Bernstein, LLP**
Jan P. Christiansen
G. Adam Cossey

*Counsel for The British Broadcasting Corporation*

TABLE OF CONTENTS

**Table of Authorities** ............................................................................................ iii

**Introduction** ........................................................................................................ 1

**Factual Background** ........................................................................................... 3

**Legal Standards** ................................................................................................. 7

**Argument** ............................................................................................................ 8

I.     The Discovery Motion Should be Denied As a Matter of Law ................. 8

        A.     Plaintiffs Have Not Made a Preliminary
              Showing of Personal Jurisdiction ..................................................8

        B.     Plaintiffs Cannot Obtain Any Discovery Concerning
              BBC's Minimum Contacts with the United States
              Because that Issue is Undisputed ................................................10

        C.     Discovery Concerning the Clayton Act's
              Transacting Business Test on Venue Should
              Be Denied As a Matter of Law ...................................................11

II.    Plaintiffs Fail To Establish the Necessity of the Requested
      Jurisdictional Discovery .................................................................... 13

        A.     Categories A, B, C, D and E: Plaintiffs' Disguised
              Merits Discovery Requests ...........................................................14

        B.     Categories F, H and I: Plaintiffs' Improper
               Alter Ego Requests .......................................................................15

        C.     Categories G and I: Plaintiffs' Unsupported and
               Unnecessary Requests on BBC's General
               United States Operations ..............................................................17

        D.     Category F: Plaintiffs' Unsubstantiated Alternative
              Request Concerning Business Contacts in this District ...............18

        E.     Plaintiffs Have No Right to "Test" BBC's Affidavits .................18

III.   If the Court Is Inclined to Grant Plaintiffs' Motion,
      Any Discovery Should Be Strictly Limited ........................................ 20

**Conclusion** ....................................................................................................... 23

TABLE OF AUTHORITIES

**Cases**

*Alcide v. Kaisha*,
  465 F. Supp. 3d 588 (E.D. La. 2020) ..............................................................7, 8, 13

*Bell Helicopter Textron, Inc. v. Am. Eurocopter, LLC*,
  729 F. Supp. 2d 789 (N.D. Tex. 2010) ..............................................................18, 19

*Best Little Promohouse in Tex. LLC v. Yankee Pennysaver, Inc.*,
  2014 U.S. Dist. LEXIS 152195 (N.D. Tex. Oct. 27, 2014) ....................................19

*Black v. Acme Mkts., Inc.*,
  564 F.2d 681 (5th Cir. 1977) ..............................................................................12

*Bonner v. Triple-S Management Corp.*,
  661 F. App'x. 820 (5th Cir. 2016) .............................................................. *passim*

*Breitburn Operating LP v. Ala. Power Co.*,
  2021 U.S. Dist. LEXIS 261905 (S.D. Tex. Sep. 23, 2021) ....................................16

*Broadway Nat'l Bank v. Plano Encryption Techs., LLC*,
  173 F. Supp. 3d 469 (W.D. Tex. 2016).............................................................7, 10

*Caribbean Broadcasting System, Ltd. v. Cable & Wireless PLC*,
  148 F.3d 1080 (D.C. Cir. 1998) ...........................................................................9

*Catalyst Medium Four, Inc. v. CardShark, LLC*,
  2015 U.S. Dist. LEXIS 38729 (W.D. Tex. Mar. 26, 2015) ....................................10

*Chem Carriers, L.L.C. v. L. Energy Int'l, LLC*,
  2020 U.S. Dist. LEXIS 175368 (M.D. La. Sep. 24, 2020) ......................................9

*Embry v. Hibbard Inshore, L.L.C.*,
  803 F. App'x 746 (5th Cir. 2020) ......................................................................1, 11

*Fielding v. Hubert Burda Media, Inc.*,
  415 F.3d 419 (5th Cir. 2005) ................................................................................7

*Freescale Semiconductor, Inc. v. Amtran Tech. Co.*,
  2013 U.S. Dist. LEXIS 187336 (W.D. Tex. June 12, 2013)...............................16, 21

*In re Gasoline Spot Litig.*,
  2020 U.S. Dist. LEXIS 238858 (N.D. Cal. Dec. 18, 2020)....................................18

*Getagadget, L.L.C. v. Jet Creations Inc*,
  2022 U.S. App. LEXIS 8435 (5th Cir. Mar. 30, 2022)..........................................20

*Golf City, Inc. v. Wilson Sporting Goods Co.*,
    555 F.2d 426 (5th Cir. 1977) .................................................................16

*Green v. U. S. Chewing Gum Mfg. Co.*,
    224 F.2d 369 (5th Cir. 1955) .................................................................12

*Guajardo v. State Bar of Texas*,
    803 F. App'x 750 (5th Cir. 2020) ........................................8, 11, 13, 17

*Hansen v. Neumueller GmbH*,
    163 F.R.D. 471 (D. Del. 1995) ...............................................................9

*Head v. Las Vegas Sands, LLC*,
    298 F. Supp. 3d 963 (S.D. Tex. 2018) ...................................14, 16, 17

*Johnson v. TheHuffingtonPost.com*,
    21 F.4th 314 (5th Cir. 2021) ........................................................ *passim*

*Kelly v. Syria Shell Petroleum Dev. B.V.*,
    213 F.3d 841 (5th Cir. 2000) ...................................................................7

*Moran v. Kingdom of Saudi Arabia*,
    27 F.3d 169 (5th Cir. 1994) ...................................................................20

*Morris Bart, LLC v. Slocumb Law Firm, LLC*,
    2022 U.S. Dist. LEXIS 122513 (E.D. La. July 11, 2022).....................21

*Nat'l Sur. Corp. v. Ferguson Enters.*,
    2014 U.S. Dist. LEXIS 153243 (N.D. Tex. Oct. 8, 2014)....................19

*Quaintance v. Encompass Ins. Co.*,
    2007 U.S. Dist. LEXIS 88095, at *7 (E.D. La. Nov. 30, 2007) ...........19

*San Antonio Tel. Co. v. Am. Tel. & Tel. Co.*,
    499 F.2d 349 (5th Cir. 1974) .................................................................21

*Stewart v. Ruston La. Hosp. Co.*,
    2014 U.S. Dist. LEXIS 61532 (W.D. La. Mar. 31, 2014) .........16, 18, 19

*Target Training Int'l, Ltd. v. Extended Disc Int'l Oy, Ltd.*,
    2015 U.S. Dist. LEXIS 182823 (S.D. Tex. Mar. 4, 2015).....................19

*Tornado Bus Co. v. Bus & Coach Am. Corp.*,
    2014 U.S. Dist. LEXIS 177414 (N.D. Tex. Nov. 24, 2014)..................19

*United States v. Pryor*,
    569 F. App'x 282 (5th Cir. 2014) ..........................................................11

*Vaquero Permian Processing Llc v. Mieco Llc*,
2022 U.S. Dist. LEXIS 8307 (W.D. Tex. Jan. 18, 2022)........................................................19

**Statutes**

15 U.S.C. § 22 ("Section 12")................................................................................. *passim*

28 U.S.C. § 1391 ....................................................................................................3, 5, 6

## INTRODUCTION[1]

This Circuit requires Plaintiffs to prove the "necessity" of any jurisdictional discovery. *Embry v. Hibbard Inshore, L.L.C.*, 803 F. App'x 746, 746 (5th Cir. 2020). They have not remotely done so. To avoid their burden, they selectively run to California law (again) to conjure support for the idea that Plaintiffs can foist their burden onto BBC and force it to prove a negative about its lack of connection to this District. But the Fifth Circuit's burdens for obtaining jurisdictional discovery are clear, and Plaintiffs haven't come close to satisfying them.

The simple and dispositive truth is that Plaintiffs, even after hiring an elite private investigation firm, are unable to adduce facts that could satisfy the one relevant and outstanding jurisdictional issue in dispute: whether BBC "transacts substantial business" in this District under Section 12 of the Clayton Act. That is because the uncontroverted sworn declarations of two BBC executives demonstrate that it does not.

Moreover, Plaintiffs' categories of requested discovery almost exclusively concern subject matter that is relevant only to a jurisdictional issue that is *not in dispute*—whether BBC has sufficient minimum contacts with the United States as a whole under the Clayton Act—and to the merits of Plaintiffs' claims. Given their irrelevance to the resolution of BBC's motion, it is no surprise that Plaintiffs attempt to justify those requests with bare speculation and generalized averments, and that they do not even attempt to satisfy their burden to identify the specific facts they expect to uncover or explain how those facts would defeat BBC's motion. If Plaintiffs' half-hearted efforts were sufficient, every plaintiff in every single case in which jurisdiction is

---

[1] Defendant the British Broadcasting Corporation ("BBC") respectfully submits this opposition to Plaintiffs' alternative motion for jurisdictional discovery (ECF 54) ("Disco. Mot."), which Plaintiffs filed in relation to BBC's outstanding motion to dismiss for lack of personal jurisdiction. ECF 39-1 (opening brief); ECF 57 (reply). BBC's motion was supported by the declarations of Jonathan Munro, ECF 39-2 ("Munro Decl."), Chris Loweth, ECF 57-1 ("Loweth Decl."), and Casey Olbrantz, ECF 57-2 ("Olbrantz Decl."). BBC incorporates by reference all facts discussed in those declarations. This opposition uses the same defined terms as the jurisdictional motion.

disputed would be entitled to jurisdictional discovery. That is not the law of this Circuit, and Plaintiffs fail each step of the analysis.

*First*, as a matter of law, Plaintiffs have failed their threshold burden to make a preliminary showing of personal jurisdiction. As detailed in BBC's reply brief in support of its jurisdictional motion, Plaintiffs have adduced no creditable facts that could potentially satisfy the "transacting substantial business" test for Clayton Act venue, which is the only relevant unsettled jurisdictional issue.

*Second*, even if Plaintiffs had made a preliminary showing of jurisdiction, all ten categories of the proposed discovery are unavailable as a matter of law. Nine of the ten categories are expressly premised on proving that BBC has minimum contacts with the U.S. as a whole under the Clayton Act, but BBC has *never* contested that point, which is indisputable due to BBC's multiple incorporation in Washington, D.C. There can be no "necessity" for discovery on undisputed issues. The tenth category, Request J, concerns the Clayton Act's transacting business test, but any such discovery is unavailable because: (i) Plaintiffs have not made any non-conclusory arguments supporting the necessity of such discovery, and (ii) the very concept of jurisdictional discovery is antithetical to the transacting substantial business test, which considers only what an "ordinary" or "average" businessman perceives in the District.

*Third*, Plaintiffs thoroughly fail to satisfy their factual burden to prove the "necessity" of discovery. They utterly fail to make clear which specific facts they expect to find, much less explain the necessity of obtaining them or why they are "likely" to help Plaintiffs withstand BBC's motion. The Court should not countenance an unsubstantiated fishing expedition.

*Finally*, notwithstanding the requested categories' legal and factual defects, Plaintiffs concede that any jurisdictional discovery must be "narrowly tailored" to disputed jurisdictional

issues, but the requested categories come nowhere close to doing so. Even if some amount of jurisdictional discovery were necessary, none would be appropriate concerning, among other things: (i) whether BBC has minimum contacts with the United States as a whole under the Clayton Act because that is not a disputed question, (ii) any merits issues, as Plaintiffs have conceded there is no specific jurisdiction and claim only that there is Clayton Act personal jurisdiction due to BBC's purported general business activities, (iii) BBC Studios, as Plaintiffs have failed to making a showing of an alter-ego relationship to render discovery of the scope of the parent-subsidiary relationship permissible, or (iv) BBC's business activities outside of the Western District of Louisiana, as such activities necessarily do not bear on any undisputed jurisdictional issues.

For all of the following independent reasons, the Discovery Motion should be denied.

## FACTUAL BACKGROUND

### A.      Plaintiffs' Complaint

On May 31, 2023, Plaintiffs filed the complaint, which brings two claims under the Sherman Act. ECF 1 ("Complaint"). Plaintiffs allege that there is personal jurisdiction through:

> the Clayton Act's nationwide service of process provision and its nationwide minimum-contacts test, 15 U.S.C. § 22, and by the fact that each of the Defendants transacts substantial business in this District and offers its products and services throughout this State.

*Id.* ¶ 122. Plaintiffs also alleged that "Venue is proper under both 28 U.S.C. § 1391 and 15 U.S.C. § 22 because all the Defendants transact substantial business in this District." *Id.* ¶ 123.

Other than these conclusory allegations, the Complaint is devoid of any specific allegations indicating that BBC "transacts business" in this District or has sufficient contacts with Louisiana to give rise to personal jurisdiction under the state long-arm statute.

**B.      BBC's Motion to Dismiss for Lack of Personal Jurisdiction**

BBC responded to the Complaint on July 11, 2023, by filing a motion to dismiss for lack of personal jurisdiction, ECF 39, as well a motion to dismiss for failure to state a claim, ECF 41. As of this filing, both motions are *sub judice*.

In relevant part, BBC argued in its jurisdictional motion that: (i) BBC is not subject to general or specific jurisdiction under Louisiana's long-arm statute, ECF 39-1 at 8-12, and (ii) the Clayton Act does not provide for personal jurisdiction over BBC because it does not "transact business" in the Western District of Louisiana. *Id.* at 12-16. BBC did not argue that it does not have sufficient minimum contacts with the United States as a whole.

In connection with its motion to dismiss, BBC submitted a declaration from its Deputy CEO of News and Director of Journalism, Jonathan Munro, which established the following facts:

- BBC is headquartered in London, United Kingdom, which is its principal place of business, and "was established in the United Kingdom through a Royal Charter, which forms its constitutional basis as presented to Parliament." Munro Decl. ¶ 5.

- BBC has "very limited operations in the United States," and that the majority of its approximately 150 staff there work in Washington, D.C., where BBC is multiply incorporated. *Id.* ¶ 10.

- BBC has "no direct connection" to "the state of Louisiana." *Id.* ¶ 12. "BBC is not qualified to do business in Louisiana. It does not have any employees, offices, addresses, telephone numbers, property, leases, or bank accounts in Louisiana, and it does not engage in any commercial transactions there." *Id.* ¶ 11.

- BBC's Royal Charter "restricts the BBC from conducting any commercial activities in relation to the media it produces," and makes commercialization of media the domain of an independent subsidiary, BBC Studios. *Id.* ¶ 7.

- "BBC and BBC Studios have separate corporate existences, boards of directors, and executive teams, and have no overlapping employees," and "BBC Studios' management controls that entity's day-to-day decisions, business affairs, and operations." *Id.* ¶ 8.

- The website "bbc.com" is commercialized by BBC Studios through third-party advertising, but "BBC has no involvement with that process," and "no commercial transactions occur through that website." *Id.* ¶ 9.

Plaintiffs filed their opposition to the BBC's jurisdictional motion on August 15, 2023. ECF 53. Plaintiffs did not contest BBC's arguments that there was not general or specific personal jurisdiction under the Louisiana long-arm statute, thereby conceding those issues. *Id.* Plaintiffs' opposition was primarily concerned with (i) the extent to which they were required to prove that BBC "transacts substantial business" in this District under Section 12 of the Clayton Act, *id.* at 2-11, and (ii) whether BBC does in fact transact substantial business in this District, *id.* at 11-21. Plaintiffs also alternatively argued in a footnote that there is venue under 28 U.S.C. § 1391(c)(3) and 28 U.S.C. 1391(b). *Id.* at 5 n.4. In support of their opposition, Plaintiffs submitted the Declaration of Brian Creter, the Vice President of Global Investigations at Gavin de Becker & Associates, who conducted an "open source and public records research of pertinent facts" about BBC and certain affiliates. ECF 53-2 at 2. Mr. Creter did not attempt to rebut any of Mr. Munro's assertions concerning BBC's lack of commercial involvement with this District or with Louisiana generally. *Id.*

BBC filed its reply brief in support of its jurisdictional motion on August 29, 2023. ECF 57, which included a declaration from BBC's Director of Commercial, Rights, and Business Affairs for BBC News, Chris Loweth. ECF 57-1. In relevant part, that reply brief conceded that BBC's national contacts were not at issue, but established that Plaintiffs had failed their burden to prove that venue existed under any standard. ECF 57 at 7-10. Specifically, BBC explained that there is no venue under the Clayton Act because: (i) the Fifth Circuit does not permit plaintiffs to impute the activities of subsidiaries without evidence of the corporate veil being pierced, (ii) the undisputed facts make clear that BBC does not "transact substantial business" in this District through bbc.com, and (iii) that BBC does not "transact substantial business" in this District merely because media generated by BBC or using BBC branding is disseminated by independent third parties and accessible here. *Id.* at 7-9.

BBC also established that there were no factual disputes concerning whether venue lies under 28 U.S.C. § 1391 because: (1) 28 U.S.C. 1391(c)(3) does not apply because the parties agree that BBC is also "resident" in D.C. through its multiple incorporation there, (2) Plaintiffs argument that "[v]enue lies here under 28 U.S.C. § 1391(b) as well" was conclusory and "abandoned," but that in any event, (3) Plaintiffs conceded in their opposition brief that there is no jurisdiction under the long-arm statute. *Id.* at 10.

The Loweth Declaration also responded to the Creter Declaration's new factual assertions, and established that: (i) U.K. law does not permit BBC to engage in foreign commercial activity, (ii) the website bbc.com is a news website that does not enable transactions between BBC and readers, (iii) BBC does not transact business with Red River Radio or its listeners, (iv) BBC does not distribute the BBC America or BBC News television channels and

does not engage in transactions with broadcasters or their customers, and (v) BBC and BBC

Studios are required under U.K. law to be "independent" and "arm's length." ECF 57-1.

Plaintiffs filed the instant Discovery Motion on August 15, 2023, ECF 54-1, which was

accompanied by the Declaration of Scott Street, ECF 54-2.

### LEGAL STANDARDS

The Fifth Circuit's standards for jurisdictional discovery are well established. Contrary to

Plaintiffs' selective reliance on standards from other circuits and their bare assertion that there is

a "low threshold" to obtain jurisdictional discovery, Plaintiffs "bear the burden of demonstrating

its **necessity**." *Alcide v. Kaisha*, 465 F. Supp. 3d 588, 606 (E.D. La. 2020) (emphasis added)

(citing *Embry v. Hibbard Inshore, L.L.C.*, 803 F. App'x 746, 746 (5th Cir. 2020)).

Initially, Plaintiffs must "make a 'preliminary showing of jurisdiction' by 'present[ing]

factual allegations that suggest *with reasonable particularity* the possible existence'" of

jurisdiction. *Id.* (quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir.

2005)) (emphasis added). If Plaintiffs fail to make that showing, the inquiry ends because

"discovery would serve no purpose." *Bonner v. Triple-S Management Corp.*, 661 F. App'x. 820,

822 (5th Cir. 2016).

Upon making that preliminary showing, Plaintiffs must "identify the discovery needed,

the facts expected to be obtained thereby, and how such information would support personal

jurisdiction." *Alcide*, 465 F. Supp. 3d at 606 (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213

F.3d 841, 855 (5th Cir. 2000)). Plaintiffs "must make clear which specific facts [they] expect[]

discovery to find," and cannot employ "general averments that more discovery will prove []

jurisdiction." *Johnson v. TheHuffingtonPost.com*, 21 F.4th 314, 326 (5th Cir. 2021). The

requested discovery must concern disputed issues of fact. *Broadway Nat'l Bank v. Plano

Encryption Techs., LLC*, 173 F. Supp. 3d 469, 480-81 (W.D. Tex. 2016) (citing *Kelly v. Syria*

*Shell Petroleum Dev. B.V.* 213 F.3d 841, 855 (5th Cir. 2000)). And such disputed issues of fact

must be "significant" to the jurisdictional analysis. *Bonner*, 661 F. App'x at 822.

After establishing that discovery seeks specific, disputed, and significant facts, Plaintiffs

must show that requested discovery is "likely" to cause the Plaintiffs to "withstand a motion to

dismiss." *Guajardo v. State Bar of Texas*, 803 F. App'x 750, 756 (5th Cir. 2020). Finally, even if

Plaintiffs make each such showing, the requested discovery must be "narrowly tailored" to the

specific jurisdictional dispute at issue, Disco. Mot. at 3, and courts cannot "authorize a

jurisdictional fishing expedition." *Johnson*, 21 F.4th at 326.

ARGUMENT

## I.    THE DISCOVERY MOTION SHOULD BE DENIED AS A MATTER OF LAW

### A.    Plaintiffs Have Not Made a Preliminary Showing of Personal Jurisdiction

Plaintiffs fail to satisfy their threshold burden for obtaining any jurisdictional

discovery—"a 'preliminary showing of jurisdiction' by 'present[ing] factual allegations that

suggest with reasonable particularity the possible existence'" of jurisdiction. *Alcide*, 465 F. Supp.

3d at 606. The Discovery Motion acknowledges this requirement, but merely claims that the

Complaint's conclusory allegations and the arguments made in Plaintiffs' opposition to BBC's

motion to dismiss satisfy it. *See* Disco. Mot. at 1. They do not.

The only remaining and relevant disputed issue raised by BBC's motion to dismiss is

whether it "transacts substantial business" in this District under Clayton Act's Section 12. *See*

*supra*, Factual Background § II. As established in BBC's reply brief in support of that motion,

Plaintiffs have made no nonconclusory allegations or presented any relevant facts showing that

BBC engages in *any* business "transactions" in this District, much less "substantial" ones that

could satisfy that mandatory legal standard. ECF 57 at 7-9. Nor do Plaintiffs present any facts to

rebut the Munro and Loweth Declarations' sworn evidence establishing BBC's total lack of

- 8 -

commercial connection to the District. *Id.*; *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 476 (D. Del. 1995) (plaintiff failed to make preliminary showing in the face of defendant's affidavit that substantiated its lack of connection to forum).

As explained in BBC's reply brief, the only "evidence" of substantial business transactions that Plaintiffs muster is the fact that news media that was originally generated by BBC or that uses BBC branding is disseminated *by independent third parties* and may be accessed in this District. ECF 57 at 7-9.[2] But as the authorities cited by both parties make clear, such activities do not satisfy Section 12's transacting substantial business test as a matter of law. *Id.* (citing, among other things, a treatise relied on by Plaintiffs stating "the dissemination of correspondence, informational materials, public service educational programs by mail, radio, television, and newspaper (free of cost) does not constitute transacting business within the meaning of Section 12").

"Plaintiff cannot simply request jurisdictional discovery without first providing the Court with a 'preliminary showing of jurisdiction.'" *Chem Carriers, L.L.C. v. L. Energy Int'l, LLC*, 2020 U.S. Dist. LEXIS 175368, at \*5 (M.D. La. Sep. 24, 2020); *Caribbean Broadcasting System, Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998) (jurisdictional discovery denied where plaintiff failed to establish defendant's ties to forum in the face of defendant's affidavit substantiating its lack of connection). Having failed to satisfy this initial burden, Plaintiffs' request for jurisdictional discovery must be denied.

---

[2] Further, as Section IV of the Loweth Declaration explains, all such media is also free to access, with the exception of two television channels broadcast by Comcast, Direct TV, and AT&T, but BBC has no involvement with the distribution of two channels and does not engage in any transactions with those providers, nor with those providers' customers in this District. ECF 57-1 at § IV.

### B. Plaintiffs Cannot Obtain Any Discovery Concerning BBC's Minimum Contacts with the United States Because that Issue is Undisputed

Even if the Court were to find that Plaintiffs made a preliminary showing, most of Plaintiffs' requested discovery must be denied because BBC has never disputed the underlying issue that Plaintiffs seek to establish—whether BBC has sufficient minimum contacts with the United States as a whole under the Clayton Act.

The parties agree that jurisdictional discovery may only be granted where "a jurisdictional question turns on *disputed factual issues*." Disco. Mot. at 2 (emphasis added); *accord Broadway Nat'l Bank*, 173 F. Supp. 3d at 480-81 (denying discovery request because the relevant "jurisdictional allegations are undisputed"); *Catalyst Medium Four, Inc. v. CardShark, LLC*, 2015 U.S. Dist. LEXIS 38729, at *19-21 (W.D. Tex. Mar. 26, 2015) (denying discovery request because "there are no factual disputes jurisdictional discovery would resolve").

As Plaintiffs' opposition to BBC's motion to dismiss recognized, BBC "[did] not and cannot dispute" its "minimum contacts with the U.S. as a whole" due to its multiple incorporation in D.C. *See* ECF 53 at 4-5 (citing caselaw for the proposition that incorporation in one state satisfies the standard). BBC's reply brief acknowledged that fact but responded that the point is "irrelevant" because BBC's national contacts "do not matter if proper venue is not established" under the Clayton Act. ECF 57 at 2. And the question of whether BBC has sufficient national contacts has nothing to do with whether venue is proper in this District.

The discovery sought by Plaintiffs in their Discovery Motion therefore relates almost entirely to facts that go to that *undisputed* issue. Other than two passing references to venue and BBC's contacts with Louisiana, *see* Disco. Mot. at 1 & 3-4, the Discovery Motion is exclusively concerned with proving the Clayton Act's requirement that BBC has minimum contacts with the United States as a whole. Its entire argument section is titled: "Jurisdictional discovery of the

- 10 -

BBC's *contacts with the United States* is proper." *Id.* at 3-7 (emphasis added). And it makes clear that nine of the ten requested discovery categories are directed toward that issue. *Id.* at 3-9 (Categories A, B, C, D, E, F, G, H & I.)

By definition, Plaintiffs cannot show the "necessity" of jurisdictional discovery that attempts to prove an issue that is entirely undisputed. *Embry*, 803 F. App'x at 746. All requested discovery concerning BBC's national contacts must be denied because it "would serve no purpose," *Bonner*, 661 F. App'x. at 822, and because it would necessarily have no effect on the outcome of BBC's motion to dismiss. *Guajardo*, 803 F. App'x at 756. Allowing Plaintiffs to obtain that discovery would do nothing but impose an entirely undue burden on BBC.

## C.   Discovery Concerning the Clayton Act's Transacting Business Test on Venue Should Be Denied As a Matter of Law

Plaintiffs also request jurisdictional discovery that goes to the Clayton Act's "transacts substantial business" test on venue. Disco. Opp. at 9 (Request J). But as a matter of law, they fail to establish their entitlement to any such discovery for two independent reasons.

*First*, Plaintiffs make no argument to substantiate the necessity of such discovery. The Discovery Motion merely offers one conclusory sentence that: "should the Court conclude that a *prima facie* showing has not yet been made that the BBC transacts business in this District, Plaintiffs are clearly entitled to jurisdictional discovery." Disco. Mot. at 3-4. It contains no other reference to such discovery. Not only are conclusory arguments waived, *United States v. Pryor*, 569 F. App'x 282, 283 (5th Cir. 2014), but the Fifth Circuit has specifically has held that a plaintiff cannot employ "general averments that more discovery will prove [] jurisdiction." *Johnson*, 21 F.4th at 326. Having offered only conclusory averments, Plaintiffs' requested discovery concerning the Clayton Act's venue test should be denied out of hand.

*Second*, Plaintiffs also fail to establish that jurisdictional discovery may *ever* be permitted on the Clayton Act's transacting substantial business test. Plaintiffs provide no cases where such jurisdictional discovery was ever granted. Despite an exhaustive review of caselaw in this Circuit, BBC can also find no such support. The dearth of such authority makes sense, and no jurisdictional discovery on that test ought to be permissible, because the very concept of discovery is antithetical to the legal standards used by the transacting substantial business test.

The Fifth Circuit has repeatedly explained that the test is objective and based on how the "ordinary" or "average" businessperson in the relevant district perceives the defendant entity's activities there. *Black v. Acme Mkts., Inc.*, 564 F.2d 681, 687 (5th Cir. 1977) ("the substantiality of the business transacted is to be judged from the point of view of the average businessman"); *Green v. U. S. Chewing Gum Mfg. Co.*, 224 F.2d 369, 374 (5th Cir. 1955) (finding "Application of the 'practical, everyday business or commercial concept' test" is based on what the "ordinary businessman would be likely to say").

The "ordinary businessman" is "likely to say" whether a corporation transacts substantial business in a district based on information that is publicly available, or that is generally perceivable or known in that district. The "ordinary businessman" does not have access to a corporation's non-public or back-office records, nor may he depose its executives. Because the transacting substantial business test is evaluated based on what the *average* businessperson knows or can perceive about the defendant entity in the district, the concept of jurisdictional discovery is inapposite to the legal standard, and should not be permitted as a matter of law.

Here, Plaintiffs hired a private investigator from an elite firm to scour this District for any sign of BBC's purported commercial activities. *See* ECF 53-2 (Creter Declaration). Plaintiffs, through Mr. Creter, presumably already gathered all possible information that an ordinary

businessperson in this District might be able to know about BBC, and then some. Jurisdictional discovery to obtain information beyond what a private investigator can find would not be useful under the "ordinary businessperson" legal standard, and discovery to that effect would thus serve no purpose. *Bonner*, 661 F. App'x at 822.

## II.   PLAINTIFFS FAIL TO ESTABLISH THE NECESSITY OF THE REQUESTED JURISDICTIONAL DISCOVERY

Even if the requested discovery topics were not legally defective, Plaintiffs thoroughly fail their burden to prove its factual "necessity" in several ways, including to (1) "make clear which specific facts [they] expect[] discovery to find," *Johnson*, 21 F.4th at 326, (2) establish "how such information would support personal jurisdiction," *Alcide*, 465 F. Supp. 3d at 606, and (3) demonstrate how such facts are "likely" to cause Plaintiffs to withstand BBC's jurisdictional motion to dismiss. *Guajardo*, 803 F. App'x at 756.

Although the Discovery Motion requests ten categories of discovery, most of those requests are not even specifically referenced in Plaintiffs' brief, much less discussed with any specificity as required. To the extent Plaintiffs attempt to substantiate these requests, they fail to prove their "necessity." Rather, the vast majority of the discovery Plaintiffs seek is irrelevant to any genuine issue raised by BBC's motion to dismiss, and is facially overbroad and burdensome. *Quaintance v. Encompass Ins. Co.*, 2007 U.S. Dist. LEXIS 88095, at *7 (E.D. La. Nov. 30, 2007) ("Conjecture is not a proper basis for likely burdensome jurisdictional discovery."). Plaintiffs haven't even *tried* to satisfy the standard established by the Fifth Circuit for obtaining the requested discovery, let alone satisfied it, appearing to assume that they can somehow just circumvent the clear law of this district. Perhaps most notably, Plaintiffs attempt to use this Discovery Motion as a backdoor to improperly obtain broad *merits* discovery under the thin guise of a waived specific jurisdictional theory. Each of Plaintiffs' request is addressed in turn.

### A.      Categories A, B, C, D and E: Plaintiffs' Disguised Merits Discovery Requests

*First*, Categories A, B, C, D, and E seek communications between BBC and the "American members of the TNI" about the TNI's formation, "any of the Plaintiffs," the 2020 presidential election, "publication of alleged COVID-19 misinformation," and the "incidents that occurred at the Capitol Building on January 6, 2021." Disco. Opp. at 8-9.[3] The Discovery Motion explicitly states, twice, that all such discovery seeks to establish BBC's minimum contacts with the United States. As discussed above, these requests must be denied because BBC's minimum contacts with the United States are not disputed.

And even if that were not so, these categories of requests must be denied as a matter of law because they purport to substantiate a theory of *specific jurisdiction* over BBC.[4] Crucially, Plaintiffs' opposition to the motion to dismiss nowhere argued that there is specific jurisdiction over BBC, and established that Plaintiffs' Clayton Act jurisdictional theory instead concerns BBC's multiple incorporation in D.C. and its general activities there. E.g., ECF 53 at 22. Plaintiffs have thereby waived the issue, and discovery on these topics would thus be meaningless and necessarily have no effect on the motion to dismiss.

Notwithstanding these defects, the Discovery Motion is devoid of any discussion of what particular jurisdictional facts Plaintiffs expect to find through these categories of discovery, nor how they will purportedly improve Plaintiffs' chances on the motion to dismiss. It is settled law that such "general averments that more discovery will prove [] jurisdiction" are insufficient. *Johnson*, 21 F.4th at 326.; *Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 967 (S.D. Tex.

---

[3]  For the avoidance of doubt, Plaintiffs apparently only seek discovery from BBC, and not from other defendants.

[4]  Disco. Mot. at 3 ("the Court should allow Plaintiffs to conduct jurisdictional discovery regarding the BBC's contacts with the United States, particularly as they relate to the BBC's involvement in the TNI."); *id.* at 7 ("if the Court has doubt about whether the BBC has the required minimum contacts with the United States, the Plaintiffs should be permitted to conduct the discovery into the BBC's U.S. operations and role in the alleged TNI conspiracy.").

2018) (denying requests for jurisdictional discovery that "contain no rationale or accompanying explanation as to what facts are likely to be discovered which would meaningfully support personal jurisdiction"). Moreover, these requests brazenly and improperly seek broad *merits* discovery that has nothing to do with any disputed jurisdictional issue. These categories seek "communications between the BBC (and any of its subsidiaries) and the American members of [TNI]" about: (A) "the formation of the TNI," (B) "any of the Plaintiffs," (C) "the 2020 U.S. presidential election," (D) "publication of alleged COVID-19 misinformation in America," and (E) "the incidents that occurred at the Capitol Building on January 6, 2021." Such discovery goes to the heart of the merits of Plaintiffs' conspiracy claims, and it is readily apparent that Plaintiffs are attempting to use its jurisdictional discovery motion as a backdoor to attempt to obtain *merits discovery*. Indeed, these broad categories of discovery are no more relevant to the jurisdictional issues actually before this Court than communications regarding the Russo-Ukrainian war, Academy Award nominees, or UFO hearings—*i.e.,* not at all. The Court should not countenance Plaintiffs' efforts to use their jurisdictional discovery motion as a Trojan horse to unleash on BBC a legion of indefensible, burdensome merits discovery demands the responses to which will not aid this Court in resolving the present dispute in any way.

### B.  Categories F, H and I: Plaintiffs' Improper Alter Ego Requests

*Second*, Categories F, H, and I seek discovery about BBC's control over its subsidiaries, including BBC Studios, and about the American operations of those subsidiaries. Disco. Opp. at 8. Once again, Plaintiffs nowhere give any indication of what specific facts such discovery will purportedly uncover. All that Plaintiffs do is quote public documents that supposedly "cast doubt" on the Munro Declaration's statements about the corporate separateness of BBC and BBC Studios. *Id.* at 4-6. Plaintiffs do not state what contrary facts they believe exist concerning corporate separateness, BBC Studios' operations, or BBC's "mission and charter"; they merely

- 15 -

claim that they should be given the opportunity to "clarif[y]" "Mr. Munro's claims" through discovery. *Id.* These "general averments" are not sufficient under settled Fifth Circuit law. *Johnson*, 21 F.4th at 326; *Head*, 298 F. Supp. 3d at 967.

Crucially, even if these requests for discovery were not defective in form, they are not useful in substance because Plaintiffs have made no showing of *how* such discovery would possibly result in evidence sufficient to pierce the corporate veil, which is required by the Fifth Circuit to impute subsidiary activities for Clayton Act jurisdiction. ECF 57 at 7 ("activities of a defendant's subsidiaries cannot confer venue for [Clayton Act] Section 12 purposes unless there is evidence of 'a total disregard for the separate corporate entities.'") (quoting *San Antonio Tel. Co. v. Am. Tel. & Tel. Co.*, 499 F.2d 349, 350 (5th Cir. 1974)); *Golf City, Inc. v. Wilson Sporting Goods Co.*, 555 F.2d 426 (5th Cir. 1977) (veil piercing required for Clayton Act jurisdiction); *see also* ECF 57-1 at § V (Loweth Declaration establishing that "BBC and BBC Studios Are Legally Required to be Independent and Arm's Length"). As several courts in this Circuit have recognized, "[j]urisdictional discovery on the scope of a parent-subsidiary relationship has been found inappropriate in the absence of some minimal showing of an alter-ego relationship, such as an unusually high degree of control over the subsidiary or the failure to observe corporate formalities." *Freescale Semiconductor, Inc. v. Amtran Tech. Co.*, 2013 U.S. Dist. LEXIS 187336, at *19-23 (W.D. Tex. June 12, 2013) (denying discovery where plaintiff alleged parent gave subsidiary financial support, seconded several employees to it, and shared multiple executives); *Stewart v. Ruston La. Hosp. Co.*, 2014 U.S. Dist. LEXIS 61532, at *24-25 (W.D. La. Mar. 31, 2014) (denying jurisdictional discovery that was purportedly "needed to determine the connections between the various business entities"); *Breitburn Operating LP v. Ala. Power*

- 16 -

*Co.*, 2021 U.S. Dist. LEXIS 261905, at \*5 (S.D. Tex. Sep. 23, 2021) (denying discovery; finding contacts are not attributable between related entities).

### C.     Categories G and I: Plaintiffs' Unsupported and Unnecessary Requests on BBC's General United States Operations

*Third*, Categories G and I seek discovery about BBC's commercial activity and business operations in the United States generally. Disco. Mot. at 8. On their face, as with the requests discussed above, these requests seek to establish BBC's minimum contacts with the United States as a whole, which is not a disputed issue. The only potentially relevant and specific factual points that Plaintiffs reference are whether BBC has "daily operational control over the bbc.com website," *id.* at 5, and what number of visitors that website gets in the District. ECF 54-2 ¶ 7. However, Plaintiffs nowhere establish that such control of bbc.com, whatever the number of visitors, would mean that BBC engages in relevant and substantial business transactions in this District. bbc.com is a news website that distributes media free of charge worldwide and which does not enable any "business transactions" with readers. ECF 57-1 § II (Loweth Declaration establishing that "The Website bbc.com Is A News Website That Does Not Enable Transactions Between BBC And Readers"). The requested facts are thus of "no consequence, even if they were to be supported by future discovery." *Head*, 298 F. Supp. 3d at 967 (denying discovery).

Plaintiffs otherwise fail to specify what facts they seek to obtain about BBC's purported "commercial" or "business" activities, and merely make insufficient general averments about their desire to understand "the scope of [BBC's] business" activities. *Johnson*, 21 F.4th at 326. Plaintiffs also fail to establish why having a deeper understanding of BBC's purported business activities in the U.S. generally would defeat the motion to dismiss. *Guajardo*, 803 F. App'x 756.

**D.      Category F: Plaintiffs' Unsubstantiated Alternative Request Concerning Business Contacts in this District**

*Finally*, Request J seeks "[t]o the extent deemed relevant by the Court, the BBC's

business contacts with the Western District of Louisiana." Disco. Opp. at 9. As discussed above,

any discovery potentially relevant to the Clayton Act's venue test should be disallowed as a

matter of law, and Plaintiffs' brief is devoid of any non-conclusory arguments substantiating this

discovery request. At best, Plaintiffs conclusorily assert that they have some right to "test"

BBC's testimony that it has no connection to the District. *Id.* at 4. As discussed below, they do

not, and Plaintiffs have failed to give any reasons to believe that any of the relevant facts that Mr.

Munro established are wrong. *See* ECF 39-2 at ¶ 11 ("The BBC is not qualified to do business in

Louisiana. It does not have any employees, offices, addresses, telephone numbers, property,

leases, or bank accounts in Louisiana, and it does not engage in any commercial transactions

there.").

Plaintiffs cannot simply flip the burden of proof, as Mr. Street suggests in his declaration,

and demand that BBC somehow prove a negative about its lack of connection to this District.

*Bell Helicopter Textron, Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 797 (N.D. Tex.

2010) (denying jurisdictional discovery, finding it significant that the plaintiff was unable to

substantiate the existence of facts contrary to defendant's affidavit refuting jurisdiction); *Stewart*,

2014 U.S. Dist. LEXIS 61532, at *24-25 ("Plaintiffs' vague and conclusory assertions do

nothing to rebut [defendant's] evidence and do not illuminate any issues of fact that would

warrant further discovery.").

**E.      Plaintiffs Have No Right to "Test" BBC's Affidavits**

Recognizing that they cannot satisfy their burden, Plaintiffs repeatedly claim they have

some default "right" to "test" and "clarify" the evidence BBC submitted in connection with the

motion to dismiss, even though Plaintiffs' private investigator failed to controvert the salient facts in any meaningful way. Under Plaintiffs' logic, jurisdictional discovery would occur in seemingly every case where personal jurisdiction is contested. The only authority that Plaintiffs offer for that dubious proposition is one inapposite California decision.[5] But whatever California says, the courts of this Circuit recognize no such "right," and instead *elevate* the burden on plaintiffs to overcome a defendant's evidentiary submissions. *Bell Helicopter Textron*, 729 F. Supp. 2d at 797 (it is "especially important" for plaintiffs to substantiate the facts needed where "the defendant enters declarations into evidence specifically denying certain jurisdictional allegations"); *Stewart*, 2014 U.S. Dist. LEXIS 61532, at *24-25 ("Plaintiffs never identify the specific facts they expect to uncover. This omission is especially detrimental where, as here, the defendant enters declarations into evidence specifically denying certain jurisdictional allegations"); *Tornado Bus Co. v. Bus & Coach Am. Corp.*, 2014 U.S. Dist. LEXIS 177414, at *13 (N.D. Tex. Nov. 24, 2014) (same; denying argument that affiant should be deposed due to disputes about the "jurisdictional significance of the facts alleged" therein); *Best Little Promohouse in Tex. LLC v. Yankee Pennysaver, Inc.*, 2014 U.S. Dist. LEXIS 152195, at *18-19 (N.D. Tex. Oct. 27, 2014) (same rule); *Nat'l Sur. Corp. v. Ferguson Enters.*, 2014 U.S. Dist. LEXIS 153243, at *6 (N.D. Tex. Oct. 8, 2014) (same rule); *Target Training Int'l, Ltd. v. Extended Disc Int'l Oy, Ltd.*, 2015 U.S. Dist. LEXIS 182823, at *31-32 (S.D. Tex. Mar. 4, 2015) (same rule).

*     *     *

---

[5]  Disco. Opp. at 4 (citing *In re Gasoline Spot Litig.*, 2020 U.S. Dist. LEXIS 238858, at *30 (N.D. Cal. Dec. 18, 2020)). The court in that case, applying the Ninth Circuit's comparatively liberal jurisdictional discovery standards, found that jurisdictional discovery was warranted for other reasons on several subjects, and then also granted a deposition of the defendant's affiant, a person who was not even employed by the defendant during the time period that was relevant to his declaration.

In sum, Plaintiffs have failed their burden to show the necessity of the discovery they seek, and that it will "add[] any significant facts" to its opposition to BBC's motion. *Bonner*, 661 F. App'x at 822. Rather, Plaintiffs have requested jurisdictional discovery "in the hopes it might, with any luck, reveal jurisdiction," making it "a textbook fishing expedition." *Vaquero Permian Processing Llc v. Mieco Llc*, 2022 U.S. Dist. LEXIS 8307, at *17 (W.D. Tex. Jan. 18, 2022); *Johnson*, 21 F.4th at 326 ("We will not authorize a jurisdictional fishing expedition based on a plaintiff's general averments that more discovery will prove our jurisdiction."); *Getagadget, L.L.C. v. Jet Creations Inc*, 2022 U.S. App. LEXIS 8435, at *17 (5th Cir. Mar. 30, 2022) (district court was not required to "authorize a fishing expedition for [plaintiff] to discover in the first instance" whether there were facts supporting jurisdiction in its preferred forum).

The Discovery Motion should thus be denied in full.

## III. IF THE COURT IS INCLINED TO GRANT PLAINTIFFS' MOTION, ANY DISCOVERY SHOULD BE STRICTLY LIMITED

Plaintiffs concede that the "requested discovery should be narrowly tailored" to the "jurisdictional question[s]," Disco. Opp. at 2, but their proposed discovery categories do no such thing. Even if the Court determines that some amount of jurisdictional discovery is warranted, Plaintiffs' proposal is facially improper because jurisdictional discovery "should be limited to only that which is necessary to determine the preliminary jurisdictional issue." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). In that scenario, the Court must limit the scope of permissible discovery in several respects:

*First*, for the reasons discussed above in Section I.B, no discovery should be permitted as to whether BBC has minimum contacts with the United States as a whole because that is not a disputed question. That is the stated purpose of Plaintiffs' discovery categories A through I.

- 20 -

*Second*, notwithstanding that minimum contacts with the U.S. are not disputed, there is no justifiable basis for any discovery that touches on the merits of this dispute. Plaintiffs cite one case for the proposition that when "the jurisdictional question intertwines with the merits of the case . . . some discovery on the merits may be necessary." Disco. Opp. at 2. But Plaintiffs make no argument that any jurisdictional question is actually intertwined with the merits in this case. Indeed, it is difficult to conceive of how any jurisdictional and merits questions could be intertwined at present. Plaintiffs conceded in their opposition to the motion to dismiss that there is no *specific* jurisdiction over BBC, and Plaintiffs' current Clayton Act theory has no relation to the merits, but concerns BBC's multiple incorporation in D.C. and its general business activities there. ECF 53 at 22; *Cf. Morris Bart, LLC v. Slocumb Law Firm, LLC*, 2022 U.S. Dist. LEXIS 122513, at *8 (E.D. La. July 11, 2022) (explaining that "specific personal jurisdiction," is "case linked jurisdiction," so "jurisdictional discovery is going to be inextricably intertwined with the merits").

Plaintiffs' requested discovery categories A through E transparently and inappropriately seek discovery on broad merits issues that have nothing to do with the parties' jurisdictional dispute. For example, Request E for "Communications between the BBC (and any of its subsidiaries) and the American members of the TNI about the incidents that occurred at the Capitol Building on January 6, 2021" is premised on proving there are minimum contacts with the U.S. as a whole (which is undisputed), through a theory of specific "case linked" jurisdiction about the facts of this case (a theory that Plaintiffs never alleged or argued in their opposition to the motion to dismiss), and which would necessarily uncover no facts about BBC's "business activities" relevant to any jurisdictional issues in dispute. The analysis is the same for Requests

A, B, C, and D. As a result, these are nothing more but transparent requests for merits discovery that the Court should not countenance.

*Third*, as discussed above, Plaintiffs have not satisfied their burden to show that discovery concerning entities affiliated with BBC or the scope of the parent-subsidiary relationships is permissible nor relevant to any jurisdictional issues in dispute. *Freescale Semiconductor, Inc.*, 2013 U.S. Dist. LEXIS 187336, at *19-23 ("Jurisdictional discovery on the scope of a parent-subsidiary relationship has been found inappropriate in the absence of some minimal showing of an alter-ego relationship, such as an unusually high degree of control over the subsidiary or the failure to observe corporate formalities."); *San Antonio Tel. Co.*, 499 F.2d at 350 (activities of subsidiaries cannot confer venue for Clayton Act purposes absent evidence of "a total disregard for the separate corporate entities"). Categories F, H, and I inappropriately seek such discovery, as do categories A through E.

*Fourth*, there is no conceivable purpose or relevance to discovery concerning BBC's business activities outside of the Western District of Louisiana. Such activities necessarily do not bear on any live jurisdictional issues. Categories G, H, and I inappropriately seek such discovery.

*Finally*, Plaintiffs' discovery demands are not only wholly irrelevant to the singular disputed issue before this Court—whether BBC's contacts with this District satisfy the Clayton Act's venue test—but on their face, most cannot be responded to without enormously undue burden. For example, locating the communications requested in Categories A through E would likely require searching through the ordinary course emails of numerous—perhaps dozens—of custodians just to find the requested communications that are wholly irrelevant to the remaining issue before this Court. Plaintiffs seek to impose such burdens on BBC with nothing more than rank speculation and sweeping generalizations about what they may discover in the process to

- 22 -

justify them. "Conjecture is not a proper basis for likely burdensome jurisdictional discovery," *Quaintance*, 2007 U.S. Dist. LEXIS 88095, at \*7, and as Plaintiffs concede, any jurisdictional discovery requests issued must be "narrowly tailored" to specific issues in dispute.

CONCLUSION

The BBC thus respectfully requests that Plaintiffs' Discovery Motion be denied in full. Alternatively, to the extent the Court permits jurisdictional discovery, BBC respectfully requests that the Court order that the scope of Plaintiff's discovery requests be limited in the matter discussed above in Section III.

Respectfully Submitted:

Dated:     September 6, 2023
              Monroe, Louisiana

**REED SMITH LLP**

Edward B. Schwartz
(*pro hac vice No. 914616*)
1301 K Street, N.W.
Suite 1000, East Tower
Washington, D.C., 20005
eschwartz@reedsmith.com

Michelle A. Mantine
(*pro hac vice No. 917715*)
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA, 15222
mmantine@reedsmith.com

Casey J. Olbrantz
(*pro hac vice No. 917713*)
599 Lexington Avenue
New York, NY 10022
colbrantz@reedsmith.com

**HUDSON, POTTS & BERNSTEIN, L.L.P.**

*/s/ Jan. P. Christiansen*
Jan P. Christiansen
(*Bar Roll No. 20142*)
G. Adam Cossey
(*Bar Roll No. 31678*)
P.O. Drawer 3008
Monroe, LA 71210-3008
318-388-4400

*Counsel for The British Broadcasting Corporation*