## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

---------------------------------------------------------

**CHILDREN'S HEALTH DEFENSE,
TRIALSITE, INC., CREATIVE
DESTRUCTION MEDIA, LLC,
ERIN ELIZABETH FINN,  JIM HOFT,
DR. BEN TAPPER, BEN SWANN,
DR. JOSEPH MERCOLA,  TY
BOLLINGER, CHARLENE
BOLLINGER, & JEFF CROUERE,**

        *Plaintiffs,*

        v.

**WP COMPANY, LLC D/B/A THE
WASHINGTON POST, THE BRITISH
BROADCASTING CORP., THE
ASSOCIATED PRESS, & REUTERS
NEWS AND MEDIA INC.,**

        *Defendants.*

---------------------------------------------------------

**CIVIL ACTION NO. 3:23-cv-00720**

Judge Terry A. Doughty

Magistrate Judge Kayla D. McClusky

## REPLY BRIEF IN SUPPORT OF PLAINTIFFS' ALTERNATIVE MOTION FOR JURISDICTIONAL DISCOVERY AND TO HOLD IN ABEYANCE THE BBC'S RULE 12(b)(2) MOTION

Defendant the British Broadcasting Corporation ("BBC") has moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (ECF No. 39.) Plaintiffs Children's Health Defense *et al.* (collectively, "Plaintiffs") opposed that motion, demonstrating that they have already made a *prima facie* showing of this Court's jurisdiction over the BBC, which alone is sufficient to deny the BBC's motion. (ECF No. 53.) Should the Court disagree that the *prima facie* showing has been made, then Plaintiffs seek jurisdictional discovery, in the alternative, to confirm the sufficiency of the BBC's contacts with this District, Louisiana, and the United States, including its conspiracy-related communications with the American members—both co-defendants and third-party internet platform companies—of the Trusted News Initiative ("TNI").

If the BBC's Rule 12(b)(2) motion is not denied outright, jurisdictional discovery is appropriate here. The BBC did not show otherwise in its brief, which distorts facts and relies on cases in which the plaintiffs did not come close to meeting the relatively low standard necessary to justify discovery. The BBC's brief also ignores the special jurisdictional rules that apply in antitrust cases based on ***this*** Circuit's law[1]—while simultaneously failing to acknowledge cases that grant discovery in like circumstances, presumably because those cases originate from ***other*** circuits. Nor does it make any difference that, as the BBC repeatedly complains, the requested discovery might overlap with merits discovery. Specific jurisdiction often, and necessarily, involves the merits, especially in a Clayton Act case, and that is no reason to preclude access to that discovery.

---

[1] To the extent that the BBC maintains that no discovery is needed "because the BBC has never disputed the underlying issue that Plaintiffs seek to establish—whether the BBC has sufficient minimum contacts with the United States as a whole under the Clayton Act" (ECF No. 69 at 10), the alternative motion for jurisdictional discovery is mooted and the BBC's Rule 12(b)(2) motion to dismiss must be denied under Fifth Circuit precedent (*see* ECF No. 53 at 4, 6).

Plaintiffs have made a narrow request for discovery to rebut jurisdictional arguments that the BBC injected into the case. While Plaintiffs believe the Court should deny the BBC's motion to dismiss outright, at the very least the motion should not be heard without an opportunity for Plaintiffs to test and rebut the jurisdictional facts upon which the BBC rests its motion.

**I.      *The BBC Misstates the Standard That Governs Requests for Relief in These Cases.***

The BBC contends that the bar for obtaining jurisdictional discovery is high, and that such requests are usually denied. Neither assertion is correct.

Parties frequently engage in discovery and ***then*** litigate jurisdictional issues. That is exactly what happened, for example, in *Classic Motel, Inc. v. Coral Group, Ltd.*, 149 F.R.D. 528 (S.D. Miss. 1993): the parties litigated for two years before the defendant moved to dismiss the complaint for lack of personal jurisdiction. *See id.* at 531. Similarly, in *Jonnet v. Dollar Savings Bank*, 530 F.2d 1123 (3rd Cir.1976), *disapproved on other grounds by Connecticut v. Doehr*, 501 U.S. 1, 17 (1991), the Third Circuit held that, because personal jurisdiction was pleaded as a defense in the defendant's answer, there was no waiver of the defense when the defendant conducted discovery for more than a year before filing its motion to dismiss. *See id.* at 1125 n.5; *cf. In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 753 F.3d 521, 528 (5th Cir. 2014) ("After jurisdictional discovery, TG and TTP moved to dismiss for lack of personal jurisdiction under Rule 12(b)(2)."); *Rimkus Consulting Grp., Inc. v. Rault Res., Inc.*, No. H-07-1494, 2008 U.S. Dist. LEXIS 49730, *2 (S.D. Tex. June 30, 2008) ("A party that raises a jurisdictional defense does not waive that defense by subsequently conducting discovery.").

There is no merit to the BBC's argument that personal jurisdiction—on a Rule 12(b)(**2**) (not 12(b)(6)) motion—is a special issue that must be decided early on, based on nothing more than the four corners of the complaint plus conclusory, self-serving movant declarations. To the contrary, "[i]f a plaintiff presents factual allegations that suggest with reasonable particularity the

possible existence of the requisite contacts . . . the plaintiff's right to conduct jurisdictional discovery **should be sustained**." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (quoting *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)) (emphasis added); *see also, e.g.*, *Pavelka v. Pelican Inv. Holdings Grp., LLC*, No. 3:22-CV-0074-B, 2022 U.S. Dist. LEXIS 140285, at *18 (N.D. Tex. Aug. 8, 2022) (citing *Getagadget, L.L.C. v. Jet Creations Inc.*, No. 19-51019, 2022 U.S. App. LEXIS 8435, at *5 (5th Cir. Mar. 30, 2022), for proposition that jurisdictional discovery should be allowed where "the allegations from the pleadings do 'suggest with reasonable particularity the possible existence of the requisite contacts'"); *EEOC v. Bass Pro Outdoor World, LLC*, 884 F. Supp. 2d 499, 534 (S.D. Tex. 2012) ("When the existing record is inadequate to support personal jurisdiction and a party demonstrates that it can supplement its jurisdictional allegations, more discovery is appropriate.").

The district court discussed this principle at length in *ING Bank N.V. v. M/V Portland, IMO No. 9497854*, No. 3:15-cv-00805, 2016 U.S. Dist. LEXIS 78495 (M.D. La. June 16, 2016), concluding that "while jurisdictional discovery may always be denied, the existence of a reasonable possibility of finding sufficient proof can often tip the scale in its favor. Arguably, it may even be **required** in such circumstances." *Id.* at *29-30 (citation omitted and emphasis added); *see also id.* at *33 (explaining that jurisdictional discovery is disfavored "only where discovery would be unnecessarily burdensome or futile" (quotations omitted)). The *ING Bank* court, as it granted jurisdictional discovery, emphasized the fact that the case involved admiralty law, an area of law with specialized jurisdictional rules. *See id.* at *31-32. As Plaintiffs here have explained, the Clayton Act has similarly specialized rules, which Plaintiffs have satisfied by alleging an international conspiracy, **founded by** the BBC (a foreign defendant), to control the news that Americans receive by censoring dissenting views while promoting their own views. (*See* ECF No.

3

53, at 5-11.)

These Clayton Act venue rules distinguish this case from those cited on pages 7 and 8 of the BBC's opposition. (ECF No. 69.) For example, in *Alcide v. Nippon Yusen Kabushiki Kaisha*, 465 F. Supp. 3d 588 (E.D. La. 2020), the plaintiffs, in order to assert jurisdiction, had to show that the defendant was "at home" in the United States. The court denied the plaintiffs' request for jurisdictional discovery because, even "assuming that all or nearly all of NYK Line's air-freight-forwarding business passes through American air-cargo terminals, this fact would not render the United States a surrogate for NYK Line's place of incorporation or head office." *Id.* at 606 (citing *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014)). Similarly, in *Broadway National Bank v. Plano Encryption Technologies, LLC*, 173 F. Supp. 3d 469 (W.D. Tex. 2016), the court dealt with rules regarding venue and personal jurisdiction in patent cases, which ultimately required that the plaintiff show the selected venue was a place where a "substantial part of the events or omission giving rise to the claim occurred." *Id.* at 479. The court determined, based on the undisputed evidence, that "a substantial part of the events giving rise to the claims have not occurred in the Western District of Texas, but rather in the Eastern District of Texas, where [defendant] PET and the patents are physically located and where the bulk of the enforcement activities have taken place." *Id.* at 479-80. The court denied the plaintiff's request for jurisdictional discovery because "each of the jurisdictional allegations [was] undisputed" and because "the additional jurisdictional facts Broadway Bank hopes to uncover [were] irrelevant to the venue analysis." *Id.* at 481.

In the BBC's remaining authorities, the Fifth Circuit concluded that district judges did not abuse their discretion in denying jurisdictional discovery when the facts could not have made any difference to the jurisdictional analysis. *See Johnson v. TheHuffingtonPost.com*, 21 F.4th 314, 326

(5th Cir. 2021) (upholding decision where plaintiff sought discovery to "determine 'the extent' of the activities that we already have said cannot support jurisdiction"); *Guajardo v. State Bar*, 803 F. App'x 750, 756 (5th Cir. 2020) (in decision related to **subject matter** jurisdiction, upholding decision where "the district court was able to dismiss all of Guajardo's relevant claims. No amount of discovery would change that result"); *Bonner v. Triple-S Mgmt. Corp.*, 661 F. App'x 820, 822 (5th Cir. 2016) ("In sum, though we don't doubt that Bonner was defrauded, the evidence unfortunately reveals that Bonner was not in contact with the actual Defendant in this case.") (quotations of district court opinion omitted). Here, Plaintiffs have already produced evidence to undermine the declaration on which the BBC relies to deny jurisdiction that plainly exists under the allegations of the pleading. Because of these relevant evidentiary disputes, it would be an abuse of discretion, especially under the Clayton Act, to dismiss the BBC without limited discovery; courts recognize that "it may be extremely difficult for plaintiffs . . . to make a *prima facie* showing of jurisdiction over a foreign corporation" that they sue in federal court for violating the federal antitrust laws. *Tese-Milner v. De Beers Centenary A.G.*, 613 F. Supp. 2d 404, 417 (S.D.N.Y. 2009) (quotations omitted).

## II.    *The Requested Discovery Focuses on the Forum-Related Contacts at Issue.*

Plaintiffs, in their motion, enumerated the narrow categories of discovery needed to determine the Court's jurisdiction over the BBC. *See, e.g.*, *Maverick Whiskey, LLC v. Brewery on Half Moon Bay, Inc.*, No. SA-19-CV-00136, 2020 U.S. Dist. LEXIS 3377, *5 (W.D. Tex. Jan. 9, 2020) ("Plaintiff has identified with specificity the jurisdictional discovery it seeks, and the questions regarding Defendant's past contacts (if any) with Texas remain unanswered. This information could demonstrate the requisite minimum contacts with the State of Texas.") (citation omitted to *Fielding*, 415 F.3d at 429). There is no merit to the BBC's argument that the discovery Plaintiffs are seeking is unnecessary or improper.

*First*, categories A through E seek discovery of communications between the BBC and the American members of the TNI about the TNI's formation and events that occurred in America. Plaintiffs believe those documents will show the far-reaching extent of the BBC's conduct in the United States with respect to the TNI and thus confirm that it is subject to personal jurisdiction under Section 12 of the Clayton Act. It is irrelevant whether this discovery may overlap with the merits of the case; when "the jurisdictional question intertwines with the merits of the case, some discovery on the merits may be necessary, and general discovery may be permitted." *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982) (citation to record omitted).

*Second*, the documents sought in categories F, G, and I relate to the BBC's business operations in the United States. These will show the depth of the BBC's conduct in the United States, Louisiana, and this District, establishing that it does not offend traditional notions of fair play and substantial justice for this Court to assert jurisdiction over the BBC. This information is particularly relevant if, despite controlling law, the Court accepts the BBC's position and applies the "transacts substantial business in the district" test to decide whether personal jurisdiction exists. (*See* ECF No. 53 at 14-21.)

*Third*, the documents sought in categories F, H, and I regarding the relationship between the BBC and BBC Studios will likewise support those arguments (due process and transacting substantial business) at issue. The BBC cited several cases that discuss general rules about alter-ego discovery. But those concerns are simply not present here: Plaintiffs do not seek this discovery to harass the BBC or to find another "deep pocket" from which to win money damages in litigation. To the contrary, the BBC itself made the BBC Studios an issue by (1) claiming unequivocally that BBC Studios is responsible for all BBC-related commercial activities in the United States and (2) arguing that the BBC should not be held accountable for BBC Studios' activities due to their

(alleged) separate corporate existences. ECF 39-1 at 4-5. In one of the cases cited by the BBC, the court granted discovery regarding the plaintiff's narrower jurisdictional theory (the so-called "stream of commerce" theory) because, in light of the evidence presented by the plaintiff, the defendant could not "credibly claim to be ignorant of its chips ending up in markets across the United States, including Texas . . . such that it should reasonably anticipate being haled into court here." *Freescale Semiconductor, Inc. v. Amtran Tech. Co.*, No. A-12-CV-644, 2013 U.S. Dist. LEXIS 187336, at *19 (W.D. Tex. June 12, 2013);[2] *see also, e.g.*, *Commissariat A L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323-24 (Fed. Cir. 2005) (discussing importance of jurisdictional discovery in cases involving international commerce). This, too, is an international case: according to Plaintiffs' Complaint, the BBC has knowingly formed a conspiracy with American actors aimed at controlling the flow of information in the United States.

## III.   *Conclusion.*

Plaintiffs contend that, under the Clayton Act's special rules, the Court already has sufficient information to assert personal jurisdiction over the BBC. But if the Court entertains any doubt about that, Plaintiffs must be permitted to conduct the limited jurisdictional discovery described in their alternative motion.

DATED: September 13, 2023

---

[2] Although the court denied the plaintiff's request for alter-ego discovery to prove general personal jurisdiction over the foreign parent company in *Freescale Semiconductor*, it noted that the subsidiary "is a separate Defendant in this case against whom Freescale may attempt to pursue its claims." 2013 U.S. Dist. LEXIS 187336, at *23. BBC Studios is not a defendant in this case. Without the BBC in this case, Plaintiffs will be unable to obtain full relief.

Respectfully submitted,

*/s/ G. Shelly Maturin, II*

_____

G. SHELLY MATURIN, II (# 26994)
WELBORN & HARGETT, LLC
1540 West Pinhook Rd.
Lafayette, LA 70503
Telephone: (337) 234-5533
Facsimile: (337) 769-3173
shelly@wandhlawfirm.com

JOHN W. HOWARD (CA 80200)
SCOTT J. STREET (CA 258962)
JW HOWARD/ATTORNEYS, LTD.
600 West Broadway, Suite 1400
San Diego, CA 92101
Telephone: (213) 205-2800
johnh@jwhowardattorneys.com
sstreet@jwhowardattorneys.com

*Attorneys for Plaintiffs*

JED RUBENFELD (NY 2214104)
(pro hac vice)
1031 Forest Rd.
New Haven, CT 06515
Telephone: (203) 432-7631
jed.rubenfeld@yale.edu

ROBERT F. KENNEDY, JR. (NY 1999993)
(pro hac vice forthcoming)
48 Dewitt Mills Rd.
Hurley, NY 12433
Telephone: (845) 481-2622
(pro hac vice)

ROGER I. TEICH (CA 147076)
(pro hac vice)
337 Liberty St.
San Francisco, CA 94110
Telephone: (415) 948-0045
rteich@juno.com

*Attorneys for Children's Health Defense*

## CERTIFICATE OF SERVICE

This is to certify that on the 13th day of September, 2023, a true and correct copy of the above and foregoing was filed with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to all attorneys of record.

*/s/ G. Shelly Maturin, II*

_____

G. SHELLY MATURIN, II

8