UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

---------------------------------------------------------

CHILDREN'S HEALTH DEFENSE,
TRIALSITE, INC., CREATIVE
DESTRUCTION MEDIA, LLC,
ERIN ELIZABETH FINN, JIM HOFT,           CIVIL ACTION NO. 3:23-cv-00720
DR. BEN TAPPER, BEN SWANN,
DR. JOSEPH MERCOLA,  TY
BOLLINGER, CHARLENE                       Judge Terry A. Doughty
BOLLINGER, & JEFF CROUERE,                Magistrate Judge Kayla D. McClusky

                    *Plaintiffs*,

          v.

WP COMPANY, LLC D/B/A THE
WASHINGTON POST, THE BRITISH
BROADCASTING CORP., THE                   JURY TRIAL DEMANDED
ASSOCIATED PRESS, & REUTERS
NEWS & MEDIA INC.,

                    *Defendants.*
---------------------------------------------------------


PLAINTIFFS' SUR-REPLY IN OPPOSITION TO THE BBC'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## INTRODUCTION

The BBC's new evidence and arguments can't save its motion to dismiss. Nothing in the BBC's improper new materials allows the BBC to escape the black letter of the law: (1) in the Fifth Circuit, personal jurisdiction over a corporation under the Clayton Act is determined by "national contacts," not state contacts; (2) the BBC's more-than-minimal national contacts are not and cannot be disputed; (3) under Fifth Circuit case law, no showing is necessary that the BBC transacts business in this District; and (4) even if this showing were necessary (which it is not), Plaintiffs need only make a *prima facie* case that the BBC transacts business in this District, and Plaintiffs have easily satisfied that standard, with a *prima facie* showing that the BBC transacts substantial business in this District through four major business operations.

## PROCEDURAL STATEMENT

On July 11, 2023, the BBC moved to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). (ECF No. 39.) On August 15, 2023, Plaintiffs responded, showing fatal defects in that motion. (ECF No. 53.)

As Plaintiffs showed, the BBC's entire brief was devoted to claiming a lack of minimum contacts with Louisiana, when under Fifth Circuit case law, the "relevant minimum contacts inquiry . . . is whether [the BBC] had sufficient minimum contacts **with the United States**." *Fontenot v. Mullins Mfg. Co.*, No. 95-31013, 1996 U.S. App. LEXIS 43933, at *2-3 (5th Cir. May 1, 1996) (emphasis added). Plaintiffs also showed that this same case law refuted the BBC's claim that personal jurisdiction under the Clayton Act requires a showing that defendant transacts business in the forum district (a test derived from the Act's **venue** provision). (*Id*. at 5-11.) Nevertheless, Plaintiffs introduced detailed evidence showing that the BBC does in fact transact business in this District. (*Id*. at 11-21.) Specifically, Plaintiffs made a *prima facie* showing (the

lenient evidentiary standard applicable to a Rule 12(b)(2) motion) that the BBC transacts substantial business in this District through four distinct major business operations, including (but not limited to) bbc.com and its subsidiary, BBC Studios. (*See id.*)[1]

On August 29, 2023, the BBC filed its reply. (ECF No. 57.) Recognizing the deficiency of the evidence and arguments tendered in its original papers, the BBC now submits brand-new evidence and arguments. This sur-reply responds to the new material.

## ARGUMENT

On a Rule 12(b)(2) personal-jurisdiction motion, "the court . . . **must resolve any factual disputes in favor of the plaintiff**." *Fintech Fund, F.L.P. v. Horne*, 836 Fed. Appx. 215, 220 (5th Cir. 2020) (internal quotation and citation omitted). To defeat the BBC's motion, Plaintiffs need make "**only a prima facie case of personal jurisdiction**." *Id.*; *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014). "Proof by a preponderance of the evidence is not required." *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). A *prima facie* case means enough "to withstand a motion for a directed verdict." *Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1292 (11th Cir. 2021).

## I.     The BBC's new argument about Fifth Circuit case law applying the Clayton Act is as flagrantly erroneous as its original argument.

In its opening brief, the BBC asserted that "[c]ourts in the Fifth Circuit" have "uniformly" required a showing that the defendant transacts business in the forum district in order to establish personal jurisdiction under the Clayton Act. (ECF No. 39-1 at 13.) This statement was flagrantly erroneous. As Plaintiffs showed in their opposition, the BBC was ignoring repeated Fifth Circuit

---

[1] Plaintiffs also filed on the same date (August 15, 2023), in the alternative, a motion for jurisdictional discovery in the event that the Court should decide that a *prima facie* showing has not yet been made. (ECF No. 54.)

holdings that personal jurisdiction under the Clayton Act is determined by "***national contacts***," not state contacts. (ECF No. 53 at 1, 3-4, 6 (citing and quoting cases).) Indeed, the BBC totally omitted the Fifth Circuit decision most closely on point, *Fontenot*, in which the Court found personal jurisdiction under the Clayton Act on the basis of defendant's contacts "with the United States as a whole," reversing a personal-jurisdiction dismissal issued by this Court for lack of minimum contacts with Louisiana. *See Fontenot*, 1996 U.S. App. LEXIS 43933, at \*2-3. What's more, as Plaintiffs also showed, numerous in-Circuit district courts have rejected the BBC's position, including the Western District of Louisiana itself in *Icon Industrial Controls Corp. v. Cimetrix, Inc.*, 921 F. Supp. 375 (W.D. La. 1996), which carefully analyzes the Clayton Act's language and legislative history. (*See* ECF No. 53 at 7-9 (quoting *Icon* and citing cases).)

In its reply brief, the BBC has now sharply changed its tune. Conceding that the national-contacts test is satisfied (ECF No. 69 at 1), the BBC tries a new theory in its reply—that the Fifth Circuit reversed its prior endorsement of the national-contacts test in *Access Telecom v. MCI Telecomms. Corp.*, 197 F.3d 694 (5th Cir. 1999), and that "[e]ver since," the courts of this Circuit courts have required a showing that the defendant transacts business in a district to establish Clayton Act personal jurisdiction there. (ECF No. 57, at 2.) But these new claims are just as erroneous as the old ones.

There is no hint in *Access Telecom* that the Court was repudiating or reversing the many cases in which the Fifth Circuit sustained and applied the national contacts test. On the contrary, *Access Telecom* expressly states: "***When jurisdiction is invoked under the Clayton Act, the court examines the defendant's contacts with the United States as a whole***." *Access Telecom*, 197 F.3d at 718 (emphasis added). The Court did say that the Clayton Act "allows for jurisdiction over any federal antitrust suit in any district in which a defendant transacts business," *id*., but the Court

3

never said the Clayton Act *only* confers jurisdiction in such circumstances. And in fact the *Access Telecom* Court went on to apply the national contacts test, in order to decide whether Clayton Act personal jurisdiction was available, ***after finding that the defendant in that case conducted "virtually [no business] in Texas." Id***. (emphasis added). Thus, far from reversing prior doctrine, *Access Telecom* reaffirms that Clayton Act personal jurisdiction *can* be established through national contacts ***even for a defendant that does not transact business in the forum district***.

Moreover, it is false that "ever since" *Access Telecom* was decided in 1999, district courts in this Circuit have "uniformly" taken the BBC's position. *See, e.g.*, *David B. Turner Builders LLC v. Weyerhaeser Co.*, No. 3:21-CV-309, 2021 U.S. Dist. LEXIS 236638, at *5 (S.D. Miss. Dec. 10, 2021) (citing *Fontenot* and applying national contacts test for Clayton Act personal jurisdiction); *Crompton Corp. v. Clariant Corp.*, 221 F. Supp. 2d 683, 688-89 (M.D. La. 2002) (quoting *Access Telecom* and stating, "Based on decisions by the Fifth Circuit and many other circuits across the country, the Court finds that it must determine personal jurisdiction based on the defendants' contacts with the United States as a whole rather than just with the state of Louisiana.").

Indeed, the BBC's new claim—that the Fifth Circuit rejected the national-contacts test in 1999—is expressly refuted by one of the leading antitrust treatises. *See* 8 J. VON KALINOWSKI, ANTITRUST LAWS & TRADE REG. § 163.02 (2d ed. 2023) (Fifth Circuit is among courts accepting the "national contacts" test and rejecting notion that Clayton Act personal jurisdiction exists only if defendant transacts business in district); *see also, e.g.*, 17 MOORE'S FEDERAL PRACTICE - CIVIL § 110.45 (2023) ("The preferable approach is to treat the venue and service of process provisions of the Clayton Act as independent of each other," "so that personal jurisdiction may be obtained under the service provision even if venue in the case is predicated on some other venue statute….

It is quite clear that when Congress enacted the venue provision of the Clayton Act it intended to prevent obstacles to the assertion of federal jurisdiction.").

## II.     The BBC's new argument that it is not subject to the venue rules applicable to foreign corporations is waived and is any event erroneous.

For the first time, the BBC's reply brief claims that the BCC is not subject to the venue rules applicable to foreign corporations. (ECF No. 57 at 10.) By contrast, in its opening brief, the BBC expressly acknowledged that it is a "foreign" (non-U.S.) corporation and sought to take advantage of that fact in its Due Process argument. (ECF No. 39-1 at 17.) Indeed, the BBC's original evidentiary submission acknowledged that the BBC is a British corporation chartered by the British Crown and headquartered in London. (ECF No. 39-2 ¶ 5.) The BBC's theory seems to be that it is not a foreign corporation for venue purposes because it is a "resident" of Washington, DC under 28 U.S.C. § 1391(c), and therefore not covered by the centuries-old rule that venue lies against a foreign corporation in any district.[2] (ECF No. 57 at 10.)

This is a completely new argument, nowhere made or suggested in the BBC's opening papers. It is therefore waived. "[A]rguments raised for the first time in a reply brief are waived." *Noble House, L.L.C. v. Certain Underwriters at Lloyd's, London*, 67 F.4th 243, 249 n.3 (5th Cir. 2023); *Iteld, Bernstein & Assocs., LLC v. Hanover Ins. Group*, No. 06-3418, 2009 U.S. Dist. LEXIS 71539, at *11 (E.D. La. Aug. 12, 2009) (same).

The argument is also erroneous. The BBC is apparently relying on the 2011 amendments to 28 U.S.C. § 1391(c)(2) and (c)(3), which changed pre-existing venue rules for certain permanent aliens, but did ***not*** affect "foreign corporations" and did ***not*** alter the rule that foreign corporations can be sued "in any district." *In re HTC Corp.*, 889 F.3d 1349, 1354, 1358-60 (Fed. Cir. 2018) (so

---

[2] *See, e.g.*, *In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018) (affirming district court's holding that "HTC Corporation, as a foreign corporation, is subject to suit in any judicial district").

holding after detailed examination of legislative history of 2011 amendments). At the very least, a prima facie case has been made here that the BBC is a foreign corporation. Indeed, by its own admissions the BBC plainly has residency in the U.K., and "[f]or a party resident abroad, whether a natural person *or a corporation*," no venue defense exists "against suit in [any] Federal district court." *Id*. at 1360 (quoting H.R. Rep. No. 112-10, at 22 (2011)) (emphasis added by the court).

### III.   The BBC's new argument that no venue exists in this case whatsoever is waived pursuant to Fed. R. Civ. P. 12(h) and is in any event erroneous.

The BBC's reply brief not only argues (for the first time) that the BBC is not a foreign corporation for venue purposes, but also contends (for the first time) that no venue exists here at all. (ECF No. 57 at 10.) By contrast, in its opening brief, the only venue argument was that the *Clayton Act*'s venue provision was not satisfied (so that there was supposedly no personal jurisdiction here); no contention was made that venue does not lie under the general venue statute, 28 U.S.C. § 1391. This new argument is not only presumptively waived under Fifth Circuit rules; it is conclusively waived by operation of Fed. R. Civ. P. 12(h).

Under the express terms of Rule 12(h), a party that makes a motion to dismiss for lack of personal jurisdiction (as the BBC has) waives any defense it might have had that no venue exists. *See* Fed. R. Civ. P. 12(h). The BBC's new arguments concerning venue are nothing more or less than a claim that venue is totally lacking. Hence all of the BBC's new arguments that venue does not exist here under § 1391 (whether as a foreign corporation or otherwise) have been waived.

In any event, this argument too is erroneous. Venue exists in this case not only because the BBC is a foreign corporation, but also under § 1391(b)(3).  Most of the "events giving rise" to this claim took place not in a single U.S. district, but in England or in cyberspace. *Id*. As a result, venue lies under § 1391(b)(3) in "any judicial district in which *any* defendant is subject to the court's personal jurisdiction with respect to such action." *Id*. (emphasis added). Because the other three

Defendants have made no claim that they are not subject to this Court's personal jurisdiction, venue exists here under § 1391(b)(3) as well.

**IV.     Even if the BBC's new evidence is considered, Plaintiffs have still made a *prima facie* case that the BBC transacts substantial business in this District.**

In its reply, the BBC has improperly submitted two new declarations from two new declarants (ECF Nos. 57-1, 57-2), purporting to rebut Plaintiff's showing that the BBC transacts substantial business in this District through four distinct major business operations. These new declarations are bald efforts to introduce new evidence in a reply brief—without any claim by the BBC that this evidence was unavailable earlier—and therefore should not be considered.[3] But even if the Court considers this new evidence, the BBC's motion still fails.

There is no dispute that bbc.com is viewed by at least tens of thousands of customers in this District annually. (*See* Creter Dec. ¶ 12.) But unlike the BBC's original declaration, the BBC's new submission asserts that bbc.com is "operated" by BBC Studios, not the BBC itself. (ECF No. 57-2 at 2-3.) This assertion is purely conclusory; no facts are offered to back it up. (*See id*.) By contrast, Plaintiffs have shown that the BBC itself ***owns*** bbc.com, holds the ***copyright*** on its content, ***produces*** its news content, and ***publishes*** content to it, thereby deciding what content is

---

[3] *See Redhawk Holdings Corp. v. Schreiber*, 836 Fed. Appx. 232, 235 (5th Cir. 2020) (courts in Fifth Circuit generally do not "consider arguments and evidence raised for the first time in a reply brief"); *Heatcraft Refrigeration Prods. LLC v. Freezing Equip. Co*., No. 3:20-CV-1689-L, 2020 U.S. Dist. LEXIS 255165, at *1 n.2 (N.D. Tex. Aug. 3, 2020) ("it is generally considered improper for a party to introduce new evidence at the reply stage of a motion proceeding" because "the purpose of a reply brief is to rebut the nonmovant's response with argument, not to introduce new evidence"). The BBC cites *In re Chinese-Manufactured Drywall Prods. Liab. Litig*., No. 11-3094, MDL No. 2047, 2018 U.S. Dist. LEXIS 205523 (E.D. La. Dec. 5, 2018), claiming that that case holds "reply declarations appropriate." (ECF No. 57 at 1 n.1.) In fact, that case states the general rule that new reply evidence is ***impermissible*** and ***rejects*** defendants' argument that they could submit a reply declaration that supposedly "responded" to plaintiff's response. *See* 2018 U.S. Dist. LEXIS 205523, at *15-16, 20. The Court found that the issues addressed in the proffered reply declaration were raised in defendants' opening brief and that "Defendants could have, but did not, include the declaration in their initial motion." *Id*. at 20. The same is true here.

displayed there. (ECF No. 53-2 ("Creter Dec.") ¶¶ 17-20.) These facts—which the BBC does not dispute—establish at the very least a *prima facie* case that the BBC itself (not BBC Studios) actually exercises operational control over bbc.com. The BBC's purely conclusory assertion to the contrary creates at most a factual dispute, and this Court "must resolve any factual disputes in favor of the plaintiff." *Fintech Fund,* 836 Fed. Appx. at 220.

The BBC's new evidence also purports (*see* ECF No. 57-2 at 2) to rebut Plaintiffs' showing that bbc.com is ***interactive***, allowing viewers to engage in transactions ***with the BBC itself***, thereby cementing under well-established law the prima facie case that the BBC transacts business through bbc.com. (*See* Creter Dec. ¶¶ 21-23; ECF No. 53 at 18-19.) But the BBC's new evidence in fact supports, rather than rebuts, this showing. The new declarations do not dispute the core facts identified by Plaintiffs: that bbc.com invites users to contact the BBC; that users who do so are routed to pages on bbc.co.uk (which is admitted to be a BBC-operated website, *see* ECF No. 57-2 ¶ 8); and that these pages in turn invite users to enter identifying information and credit card information in order to engage in any of several kinds of transactions with the BBC itself (not BBC Studios), such as obtaining tickets to a BBC television or radio show, donating to BBC-created or BBC-promoted charities, and/or registering for a BBC account, which among other things allows people to comment on BBC stories. (Creter Dec. ¶¶ 21-23.) All these facts are ***conceded*** in the BBC's new declaration. (*See* ECF No. 57-2 at p. 2.)

What the BBC's new declaration contends is that none of these invited interactions with the BBC is a "***business***" transaction. (*See id*.) But that is a ***legal*** assertion, not a ***factual*** assertion, and it is erroneous. Evidently the BBC's notion is that a "business" transaction must involve for-profit sales of goods or services, but the Fifth Circuit has expressly rejected this claim. *See Steering Committee v. BP Exploration & Products (In re Deepwater Horizon)*, 785 F.3d 1003, 1013 (5th

Cir. 2015) (rejecting claim that "nonprofits are not 'businesses'" and approving a definition of "'business transaction' as '[a]n action that affects the actor's financial or economic interests'") (citation omitted); *see also, e.g.*, *Travelers Cas. & Sur. Co. of America v. Broussard*, No. 6:22-CV-00690, 2023 U.S. Dist. LEXIS 14577, at *13-14 (W.D. La. Jan. 27, 2023) (Summerhays, J.) (term "business organization" in Louisiana statute did not "exclude an entity merely because it is organized as a nonprofit entity"). An interactive website that accepts donations (as bbc.com does) transacts business just as does an interactive website that accepts for-profit purchases. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 254 (2d Cir. 2007) (suggesting that interactive website that "accepts donations" transacts business wherever it can be viewed).

As to BBC Studios, the new declarations similarly do not dispute the critical facts laid out by Plaintiffs: that the BBC closely monitors and supervises BBC Studios; that the BBC's own charter refers to the activities of BBC Studios as "activities of the BBC"; that BBC Studios profits are returned in cash to the BBC; and most important, that the "***main decision making body***" for BBC Studios is the BBC's Board. (Creter Dec. ¶¶ 40-48.) These facts establish at the very least a *prima facie* case of sufficient BBC control over BBC Studios for Clayton Act purposes.[4]  At most, the BBC's new evidence creates factual conflicts that must be resolved in Plaintiffs' favor.

---

[4] The BBC's reply says that its opening brief "cited binding Fifth Circuit law that 'activities of a defendant's subsidiaries cannot confer venue for Section 12 purposes unless there is evidence of "a total disregard for the separate corporate entities."'" (ECF No. 57 at 7.) But the BBC is primarily quoting itself; the cited Fifth Circuit case does not so hold. *See San Antonio Tel. Co. v. Am. Tel. & Tel. Co.*, 499 F.2d 349, 352 (5th Cir. 1974). Instead, this issue is controlled by *United States v. Scophony Corp. of America*, 333 U.S. 795, 814 (1948) (imputing subsidiary's activity to parent under Clayton Act where governing agreements "called for continuing exercise of supervision" by parent over subsidiary); *see also, e.g.*, *Campos v. Ticketmaster Corp.*, 140 F.3d 1166, 1173 (8th Cir. 1998) ("Sufficient control does not require that the subsidiary be controlled to an ultimate degree by its parent, although something more than mere passive investment by the parent is required. . . . Day-to-day control of the activities of the subsidiary is not required."). Plaintiffs have made at the very least a *prima facie* showing under these tests.

Finally, the BBC's new evidence does not negate Plaintiffs' *prima facie* showing that the BBC also transacts business here through the World Service and BBC news. (*See* ECF No. 53 at 19-21.) The BBC emphasizes that it does not directly deliver World Service radio programming or BBC news content into this District, but rather that it does so through intermediary distributors such as YouTube or American Public Media. (*See* ECF No. 57-1 ¶¶ 20, 24.) But the Fifth Circuit rejected this kind of argument in *Black v. Acme Markets, Inc.*, 564 F.2d 681, 687 n.10 (5th Cir. 1977), which holds that an out-of-state corporation transacted business in a Texas district for Clayton Act purposes through purchases it made through an intermediary Massachusetts broker. "If the opposite rule were adopted, a defendant could defeat [Clayton Act] venue based upon purchases everywhere by the simple expedient of making all its purchases through a broker." *Id*. Just as the defendant in *Black* transacted business through purchases of products made via a broker, so the BBC transacts business by delivery of its products via a distributor; the opposite rule would allow corporations to circumvent the Clayton Act "by the simple expedient" of delivering all products through distributors. In addition, nothing in the BBC's new submissions disputes Plaintiffs' factual showing that the BBC not only delivers its news programming into this District, but has also ***produced*** significant news programming in this District, for example by sending a crew to film and interview numerous individuals in Shreveport. (*See* Creter Dec. ¶ 35.)

## CONCLUSION

For the reasons stated above, and those in its response brief, Plaintiffs respectfully ask the Court to deny the BBC's motion to dismiss for lack of personal jurisdiction.

Date: September 15, 2023

Respectfully submitted,

*/s/ G. Shelly Maturin, II*

_____

G. SHELLY MATURIN, II (# 26994)
WELBORN & HARGETT, LLC
1540 W. Pinhook Road
Lafayette, LA 70503
Telephone: (337) 234-5533
Facsimile: (337) 769-3173
shelly@wandhlawfirm.com

JOHN W. HOWARD (CA 80200)
SCOTT J. STREET (CA 258962)
JW HOWARD/ATTORNEYS, LTD.
600 West Broadway, Ste. 1400
San Diego, CA 92101
Telephone: (213) 205-2800
johnh@jwhowardattorneys.com
sstreet@jwhowardattorneys.com

Attorneys for Plaintiffs

JED RUBENFELD (NY 2214104)
(pro hac vice)
1031 Forest Rd.
New Haven, CT 06515
Telephone: (203) 432-7631
jed.rubenfeld@yale.edu

ROBERT F. KENNEDY, JR. (NY 1999993)
(pro hac vice forthcoming)
48 Dewitt Mills Rd.
Hurley, NY 12433
Telephone: (845) 481-2622
(pro hac vice)

ROGER I. TEICH (CA 147076)
(pro hac vice)
337 Liberty St.
San Francisco, CA 94110
Telephone: (415) 948-0045
rteich@juno.com

Attorneys for Children's Health Defense

11

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 15th day of September, 2023, a true and correct copy of the above and foregoing was filed with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to all attorneys of record.

*/s/ G. Shelly Maturin, II*

_____

G. SHELLY MATURIN, II
